**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HADI ABUATELAH, | ) | |
| | ) | |
| Plaintiff, | ) | No.22CV03998 |
| | ) | |
| v. | ) | |
| | ) | JURY DEMANDED |
| CHIEF OF OAK LAWN POLICE DANIEL | ) | |
| VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, | ) | |
| OFFICER B.P. CARLSON, and THE VILLAGE OF | ) | |
| OAK LAWN, | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

On 08/25/22, Plaintiff Hadi Abuatelah caused to be filed with the Clerk of the District Court of Northern District of Illnois his First Amended Complaint.

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, state that I have served by The attached First Amended Complaint by emailing a copy to Kevin Casey kcasey@pjmchicago.com on 8/25/22.

/s/ Zaid Abdallah
Zaid Abdallah
Attorney for Defendant
16345 Harlem Ave Suite 250
Tinley Park Illinois 60477
312.229.0008

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HADI ABUATELAH | ) | |
| Plaintiff | ) | |
| | ) | No. 22 CV 03998 |
| v. | ) | |
| | ) | Judge Steven Seeger |
| CHIEF OF OAKLAWN POLICE DANIEL | ) | |
| VITTORIO, OFFICER ONE, OFFICER | ) | |
| TWO, OFFICER THREE AND THE | ) | |
| VILLAGE OF OAK LAWN | ) | |
| Defendants | | |

## **AGREED MOTION FOR ENTRY OF AN AGREED PROTECTIVE ORDER**

Plaintiff, Hadi Abuatelah (Plaintiff), moves this Court to enter the attached agreed protective order in support of which, states as follows:

1. Plaintiff seeks the entry of the attached proposed agreed protective order as they expect both parties to seek and exchange sensitive materials during discovery. See Exhibit A. Plaintiff adopted the Model Confidentiality Order under Local Rule 26.2, with modifications.

2. The parties anticipate exchanging medical documents which are protected by 45 C.F.R 164.512. Additionally, the medical documents that are going to be exchange are sensitive and should only be used for this litigation.

3. The parties anticipate exchanging personnel records of the Defendant officers. These are documents that contain personal information that would not otherwise be available to the public and, therefore, should only be used for this litigation.

4. Counsels for Plaintiff and Defendant have conferred on the language contained in the attached proposed order.

5.   In conformity with the Court's case procedures, Plaintiff emailed the attached order in Word format to Proposed_Order_Seeger@ilnd.uscourts.gov.

WHEREFORE, Plaintiff Hadi Abuatelah respectfully requests that this Court enter the attached agreed order and grant whatever other and further relief this Court deems reasonable and equitable.

By /s/ Zaid Abdallah
Attorney for the Plaintiff
Zaid Abdallah
Abdallah Law
16345 Harlem Ave Suite 250
Tinley Park Illinois 60477
312.229.0008

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HADIABUATELAH     )
     Plaintiff   )
         )  No. 22 CV 03998
v.         )
         )  Judge Steven Seeger
CHIEF OF OAKLAWN POLICE DANIEL )
VITTORIO, OFFICER ONE, OFFICER )
TWO, OFFICER THREE AND THE  )
VILLAGE OF OAK LAWN   )

     Defendants

### AGREED PROTECTIVE ORDER

   Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and 45 C.F.R 164.512

(e) 1, the Court finds good cause for the issuance of the parties Agreed Protective Order

accordingly, it is ORDERED:

   **1.**  Scope.  All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and

exhibits, and information derived directly therefrom (hereinafter collective "documents"), shall

be subject to this Order concerning Confidential Information as defined below. This Order is

subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of

procedure and calculation of time periods.

   2.  Confidential Information.  As used in this Order, "Confidential Information"

means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

by the producing party that falls within one or more of the following categories:  (a) information

prohibited from disclosure by statute; (b) medical information concerning any individual

1

**EXHIBIT A**

including but not limited to medical record and bills; (c) personal identity information; (d)

income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (e)

personnel or employment records of any person including parties to this suit. Information or

documents that are available to the public may not be designated as Confidential

Information.

      3.      Designation.

      (a)      A party may designate a document as Confidential Information for

protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere

with the legibility of the document.  As used in this Order, "copies"

includes electronic images, duplicates, extracts, summaries or descriptions that contain

the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.

Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a

document does not mean that the document has any status or protection by statute or otherwise

except to the extent and for the purposes of this Order.  Any copies that are made of any

documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be

so marked, except that indices, electronic databases or lists of documents that do not contain

substantial portions or images of the text of marked documents and do not otherwise disclose

the substance of the Confidential Information are not required to be marked.

      (b)      The designation of a document as Confidential Information is a

certification by an attorney or a party appearing pro se that the document contains

Confidential Information as defined in this order.

2

4.      Depositions.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information.  Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness.  Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5.      Protection of Confidential Material.

(a)      General Protections.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. [INCLUDE IN PUTATIVE CLASS ACTION CASE:  In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.]

(b)      Limited Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (I)-(9). Subject to these requirements, the

3

following categories of persons may be allowed to review Confidential Information:

(1)    Counsel.  Counsel for the parties and employees of counsel who have
       responsibility for the action;

(2)    Parties.  Individual parties and employees of a party but only to the extent
       counsel determines in good faith that the employee's assistance is
       reasonably necessary to the conduct of the litigation
       in which the information is disclosed;

(3)    The Court and its personnel;

(4)    Court Reporters and Recorders.  Court reporters and recorders
       engaged for depositions;

(5)    Contractors. Those persons specifically engaged for the limited purpose
       of making copies of documents or organizing or processing documents,
       including outside vendors hired to process electronically stored
       documents;

6)     Consultants and Experts.  Consultants, investigators, or experts
       employed by the parties or counsel for the parties to assist in the
       preparation and trial of this action but only after such persons have
       completed the certification contained in Attachment A, Acknowledgment
       of Understanding and Agreement to Be Bound;

(7)    Witnesses at depositions.  During their depositions, witnesses in this
       action to whom disclosure is reasonably necessary.  Witnesses shall not
       retain a copy of documents containing Confidential Information, except
       witnesses may receive a copy of all exhibits marked at their depositions in
       connection with review of the transcripts.  Pages of transcribed deposition
       testimony or exhibits
       to depositions that are designated as Confidential Information pursuant
       to the process set out in this Order must be separately bound by the
       court reporter and may not be disclosed to anyone except as permitted
       under this Order.

(8)    Author or recipient. The author or recipient of the document (not
       including a person who received the document in the course oflitigation);
       and

(9)    Others by Consent.  Other persons only by written consent of the
       producing party or upon order of the Court and on such conditions as
       may be agreed or ordered.

4

(c)     Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.     Inadvertent Failure to Designate.   An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.     Filing of Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8.     No Greater Protection of Specific Documents.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an

5

order providing such special protection.

9.      Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)      Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)      Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms ofthis Order.

I0.     Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

6

11.     Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the

7

expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ‚ſ 3(a), shall be returned to the producing party unless: (l) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

8

(c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (l) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.    Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.    No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     Persons  Bound.  This Order shall take effect when entered and shall  be binding upon all counsel of record and their law firms, the pa1iies, and persons made subject to this Order by its te1ms.

So Ordered.


Dated: _____                    _____
                                                   U.S. District Judge




WE SO MOVE                          WE SO MOVE
and agree to abide by the           and agree to abide by the
terms of this Order                 terms of this Order

/s/ Zaid Abdallah                   /s/ Kevin M. Casey
Signature                            Signature


Zaid Abdallah                       Kevin M. Casey
Printer Name                        Printed Name


Counsel for Plaintiff               Counsel for The Village of Oak Lawn
                                    And Daniel Vittorio

Dated: 8/24/22                      Dated: 8/24/22

10

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HADIABUATELAH )
            Plaintiff )
                                )      No. 22 CV 03998
v. )
                                )      Judge Steven Seeger
CHIEF OF OAKLAWN POLICE DANIEL )
VITTORIO, OFFICER ONE, OFFICER )
TWO, OFFICER THREE AND THE )
VILLAGE OF OAK LAWN )

                    Defendants

## <u>AGREED PROTECTIVE ORDER</u>

Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and 45 C.F.R 164.512

(e) 1, the Court finds good cause for the issuance of the parties Agreed Protective Order

accordingly, it is ORDERED:

**1.** Scope. All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and

exhibits, and information derived directly therefrom (hereinafter collective "documents"), shall

be subject to this Order concerning Confidential Information as defined below. This Order is

subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of

procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information"

means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

by the producing party that falls within one or more of the following categories: (a) information

prohibited from disclosure by statute; (b) medical information concerning any individual

including but not limited to medical record and bills; (c) personal identity information; (d) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (e) personnel or employment records of any person including parties to this suit. Information or documents that are available to the public may not be designated as Confidential Information.

      3.     Designation.

      (a)    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain

the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      (b)    The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4.      Depositions.

Deposition testimony is protected by this Order only if designated as

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the record at the time

the testimony is taken. Such designation shall be specific as to the portions that contain

Confidential Information.  Deposition testimony so designated shall be treated as Confidential

Information protected by this Order until fourteen days after delivery of the transcript by the court

reporter to any party or the witness.  Within fourteen days after delivery of the transcript, a

designating party may serve a Notice of Designation to all parties of record identifying the specific

portions of the transcript that are designated Confidential Information, and thereafter those

portions identified in the Notice of Designation shall be protected under the terms of this Order.

The failure to serve a timely Notice of Designation waives any designation of deposition

testimony as Confidential Information that was made on the record of the deposition, unless

otherwise ordered by the Court.

5.      Protection of Confidential Material.

(a)      General Protections.  Confidential Information shall not be used or

disclosed by the parties, counsel for the parties or any other persons identified in subparagraph

(b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

[INCLUDE IN PUTATIVE CLASS ACTION CASE:  In a putative class action, Confidential

Information may be disclosed only to the named plaintiff(s) and not to any other member of the

putative class unless and until a class including the putative member has been certified.]

(b)      Limited Third-Party Disclosures.  The parties and counsel for the

parties shall not disclose or permit the disclosure of any Confidential Information to any third

person or entity except as set forth in subparagraphs (I )-(9). Subject to these requirements, the

3

following categories of persons may be allowed to review Confidential Information:

(1)     Counsel.  Counsel for the parties and employees of counsel who have responsibility for the action;

(2)     Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6)      Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

4

(c)     Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.      Inadvertent Failure to Designate.    An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      Filing of Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8.      No Greater Protection of Specific Documents.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an

order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not

proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

I0. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

6

11.    Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the

7

expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (l) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    Persons  Bound.  This Order shall take effect  when entered  and shall  be binding upon all counsel  of  record  and  their  law firms, the  pa1iies, and  persons  made subject  to this Order  by its te1ms.

So Ordered.


Dated:                                    _____
                                          U.S. District Judge




WE SO MOVE                    WE SO MOVE
and agree to abide by the      and agree to abide by the
terms of this Order            terms of this Order

/s/ Zaid Abdallah              /s/ Kevin M. Casey
Signature                       Signature


Zaid Abdallah                   Kevin M. Casey
Printer Name                    Printed Name


Counsel for Plaintiff          Counsel for The Village of Oak Lawn
                               And Daniel Vittorio

Dated: 8/24/22                 Dated: 8/24/22

10