UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENA NATOUR FOR MINOR HADI ABUATELAH, | ) ) ) |
| Plaintiffs, | ) Case No. 22-cv-03998 ) |
| v. | ) Hon. Steven C. Seeger ) |
| CHIEF OF POLICE OAK LAWN POLICE DANIEL VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL OFFICER M. HOLLINGSWORTH and THE VILLAGE OF OAK LAWN Defendants. _____ | ) ) ) ) ) ) ) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f) and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.  Nature of the Case**

　　A.　Attorneys of Record

　　**Attorneys for Plaintiff**

　　Zaid Abdallah ( Lead and Trial Counsel)
　　Abdallah Law
　　16345 Harlem Ave Suite 250
　　Tinley Park Illinois 60477

　　Emma Melton
　　Beyond Legal Aid
　　17 N. State Suite 1380
　　Chicago Illinois 60602

**Attorney for Defendants Village of Oak Lawn and Daniel Vittorio**

Kevin Casey (Lead Counsel)
Peterson Johnson and Murray Chicago LLC
200 W Adams Suite 2125
Chicago Illinois 60606

**Attorneys for Defendant Brandon Collins and M. Hollingsworth**

K. Austin Zimmer (Lead Counsel)
Del Galdo Law Group LLC
1441 S Harlem
Berwyn Illinois

Sean Micheal Sullivan
K. Austin Zimmer
Del Galdo Law Group LLC
1441 S Harlem
Berwyn Illinois

**Attorney for Defendant Patrick O'Donnell**

Michael J. Victor (Lead Counsel and Trial Counsel)
Donahue and Rose P.C.
9501 W. Devon Ave Suite 702
Rosemont Illinois

B.  Basis for Federal Jurisdiction

This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 USC 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343 (a) (3), and 28 USC 1367. Venue is proper in the District under 28 USC 1391 because all Defendants are domiciled in the Northern District. All the events or omissions giving rise to the claim occurred in this District.

C.     Overview of the Case

The cause of action arises out of the arrest of the juvenile Hadi Abuatelah. Plaintiff is alleging excessive force. Defendants allege that a firearm was recovered from the juvenile and that the force used was justified. Plaintiff alleges a systematic practice against Arab Americans by the Oak Lawn Police Department. Defendants deny this allegation.

D.     Claims asserted in Plaintiff's complaint

**Count I Claim for Excessive Force and Failure to Intervene**

Plaintiff alleges that Defendants Brandon Collins, Patrick O'Donnell, and M. Hollingsworth used excessive force when said Defendants punched and tased the juvenile causing bodily harm.

**Count II Racially Motivated Conspiracy to Deprive Plaintiff of his Constitutional Rights**

Plaintiff alleges that the Defendant officers conspired to and did deny the juvenile his constitutional rights because he is an Arab America.

**Count III Monell Policy Claim**

Plaintiff alleges the Village of Oak Lawn instituted de facto and customary policies to sanction and encourage the arresting officers' actions in this case. Additionally, Plaintiff alleges that the Village of Oak Lawn failed to properly train, supervise, or discipline the Defendant Officers that used excessive force against the juvenile.

**Count IV State Law Claim for Intentional Infliction of Emotional Distress**

Plaintiff alleges the intentional beating of the juvenile was extreme and outrageous, and said actions are the proximate cause of the emotional distress of the juvenile.

**Count V State Law Battery**

Plaintiff alleges that the Defendant officers that arrested the juvenile without lawful justification caused severe bodily harm to the juvenile.

**Count VI State Law Respondent Superior**

Plaintiff alleges that when the Defendant officers arrested the juvenile, they were employed by the Defendant Village of Oak Lawn and acted within the scope of their employment.

**Count VII Indemnity Claim against Defendant Village of Oak Lawn**

Plaintiff alleges Defendant Village of Oak Lawn was the employer of the Defendant officers, and the alleged acts in this complaint were committed within the scope of their employment.

E. What are the principal factual issues?

This incident began with a traffic stop on July 27th, 2022. During the traffic stop, the juvenile fled from Defendant Officer O'Donnell. The juvenile was detained at the end of the foot pursuit by Defendant Officer Colling and Defendant Officer O'Donnell. Defendants allege that the juvenile resisted detention. The officers applied force. Defendant Officer Hollingworth was the third officer to help with the arrest of a juvenile. Defendant Officer Collins tased the juvenile. A firearm was recovered from the juvenile. Plaintiff's position is that the juvenile never reached for the firearm, and the Defendants' position is that the juvenile was reaching for the firearm. Defendants' further contend that the juvenile posed a threat to the safety of officers and others.

F. Principal legal issues

If the force used to arrest the juvenile excessive, or was it justified? Are Defendants entitled to qualified immunity? Did the Oak Lawn Police Department institute de facto policies to help encourage and cover up actions in this case?

G. Plaintiff Damages

Plaintiff does not have the medical records, and bill the Plaintiff estimates the damages to be around $1,000,000.00.

H. Service of the Defendant's

All the Defendants' waived service and their responsive pleading are due 11/7/22.

4

**II.** **Discovery**

    A.    Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.

All Defendants intend to file a motion to stay the case, including discovery, based on a pending criminal investigation of the incident by the Illinois State Police. Defendants request that the entry of a discovery schedule be stayed until the after the investigation is complete. Plaintiff proposes the following schedule.

| Event | Deadline |
| --- | --- |
| Amendment to the pleadings | 3.30.23 |
| Service of process on any "John Does" | All Defendants waived service |
| Completion of Fact Discovery | 5.7.23 |
| Disclosure of Plaintiff's Expert Report(s) | 6.7.23 |
| Deposition of Plaintiff's Expert | 9.7.23 |
| Disclosure of Defendant's Expert Report(s) | 8.7.23 |
| Deposition of Defendant's Expert | 11.7.23 |
| Dispositive Motions | 12.7.23 |

    B.    How many depositions do the parties expect to take?

    Plaintiff expects to take seven depositions. Defendants expect to depose any treating physicians disclosed by Plaintiff.

    C.    Do the parties foresee any special issues during discovery?

    Parties do not see any special issues during discovery.

5

    D.    Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

    The parties have not discussed a discovery plan at this point.

**III.**    **Trial**

    A.    Have any of the parties demanded a jury trial?

Plaintiff demanded a jury trial.

    B.    Estimate the length of trial.

The parties estimate that the length of the trial will be two weeks.

**IV.**    **Settlement, Referrals, and Consent**

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

No settlement discussion has occurred, and Plaintiff has not made a settlement demand.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The parties do not request a settlement conference at this time.

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties have discussed the possibility of proceeding in front of a magistrate and none consented to the said procedure.

### V. **Other**

    A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

    B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

All Defendants intend to file a motion to stay the case, including discovery, based on a pending criminal investigation by the Illinois State Police of the incident. Defendants request that the entry of a discovery schedule be stayed until the after the investigation is complete. Defendants will file the motion by the deadline to file responsive pleadings.

/s/ Zaid Abdallah
Abdallah Law
16345 Harlem Ave Suite 250
Tinley Park Illinois 60477
zaid@abdallah-law.com
312.229.0008

Michael J. Victor
Donahue and Rose P.C.
9501 W. Devon Ave Suite 702
Rosemont, Illinois 60018
mvictor@drlawpc.com
847.323.9097

K. Austin Zimmer
Partner
Del Galdo Law Group, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 - telephone
zimmer@dlglawgroup.com