**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| DENA NATOUR FOR MINOR, HADI ABUATELAH, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 22-cv-03998 |
| v. | ) ) | Hon. Steven C. Seeger |
| CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH, and THE VILLAGE OF OAK LAWN, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

NOW COMES Plaintiff, Dena Natour on behalf of minor, Hadi Abuatelah ("Mr. Abuatelah"), by and through his attorneys, Abdallah Law and Council on American Islamic Relations, Chicago Chapter (CAIR-Chicago), for its Response in Opposition to Defendants' Motion to Stay, states as follows:

### Introduction

On or about November 4, 2022, Defendants filed its Motion to Stay and Supporting Memoranda.[1] Defendants' Motion to Stay should be denied. This case is in response to the brutal beating of minor, Hadi Abuatelah, by Defendant Officers of the Oak Lawn Police Department on July 27, 2022. On July 29, 2022, the Illinois State Police ("ISP") announced they were investigating the incident. Since that date, no further information has been provided by ISP, Cook

---

[1] Defendants Village of Oak Lawn and Chief of Police Daniel Vittorio filed an additional Memorandum in Support (Doc. 30) Defendant Officers B. Collins, P. O'Donnell, and M. Hollingsworth's Motion to Stay and Supporting Memorandum (Doc. 29), this Response will address both Memoranda.

County State's Attorney or any other agency. It has been almost four (4) months since Mr. Abuatelah was hospitalized from Defendant Officers' actions and ISP has not made any indication as to the status of their investigation. Upon information and belief, there is no deadline for ISP to finish its investigation and unless charges are brought, ISP will likely not alert the public or Defendant Officers once their investigation is complete. Additionally, Cook County State's Attorney's Office has the authority to initiate charges against Defendant Officers at any time, regardless of the outcome of ISP's investigation, but has not done so. Moreover, a stay would prejudice Plaintiff and her minor son, who have an interest in resolving this matter so they can move on with their lives. There is no harm to Defendants or their Fifth Amendment rights as there is no criminal case. For these reasons, a stay should be denied in this case as there is no definitive end date for a criminal investigation, and there is no certainty that a criminal case will even be initiated.

## <u>Discussion</u>

A stay is appropriate only in "special circumstances" when there is a need to avoid substantial and irreparable prejudice. *United States v. Certain Real Property, Commonly known as 6250 Ledge Road, Egg Harbor, Wis.,* 943 F.2d 721, 729 (7th Cir. 1991). Granting a stay "is the exception, not the rule, and the party seeking the stay has the burden of demonstrating it is necessary." *Hollinger Int'l, Inc. v. Hollinger Inc.,* No. 04 C 698, 2005 U.S. Dist. LEXIS 14437, at *8 (N.D. Ill. July 15, 2005). When a party to a civil suit moves to stay the proceeding because of an existing or impending criminal action, the court must weigh the following six factors: (1) whether both actions involve the same subject matter; (2) whether both actions are brought by the government; (3) the procedural posture of the criminal proceeding; (4) the public interest; (5) the plaintiff's interests and possible prejudice to the plaintiff; and (6) any burden that the proceedings

may impose on the defendant. *Cruz v. Cnty. of DuPage*, No. 96 C 7170, 1997 WL 370194, (N.D. Ill. June 27, 1997).

When weighing the above factors in this case, it is clear a stay is not warranted. The only factor that weighs even slightly in Defendants favor is the first as the instant case and criminal investigation are both the product of Defendants' interaction with Mr. Abuatelah on July 27, 2022. Aside from this fact, the remaining factors weigh heavily in favor of denying the stay. The second factor analyzes whether a governmental entity is a party to the civil lawsuit, which they are not. Defendant Officers wrongly claim investigation by governmental bodies as a reason for granting the stay (Doc. 29 at p. 6), however, case law is clear that this factor specifically asks whether the government is a party to parallel civil and criminal actions. The purpose of this factor is to protect defendants from governmental agencies using the civil litigation process to discover information which may bolster the parallel criminal case. *CMB Exp., LLC v. Atteberry*, No. 4:13-cv-04051-SLD-JEH, 2014 U.S. Dist. LEXIS 116095, at *8 (C.D. Ill. Aug. 20, 2014). That is not the case here.

The third factor, the posture of criminal proceedings, also weighs in favor of denying a stay because no criminal case has been initiated. In *CMB Exp., LLC v. Atteberry*, the court held a stay was not warranted where there was a mere threat of criminal charges. The court found the most important factor to be the procedural posture of the criminal proceedings because "the 'criminal proceedings' are essentially pre-existent: no criminal charges have been filed against any of the [d]efendants, . . . [and] because the charges may never be filed, the duration of the stay would be indefinite." *Id* at * 9. This case is comparable because no criminal charges have been filed, and there is no indication that any will be brought.

The fourth factor, public interest, gives further weight to a denial of a stay in this case. As Defendant Officers concede, the public has an interest in the prompt resolution of civil litigation and ensuring the criminal process is not tainted by civil litigation. (Doc. 29 at p. 6). *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 946-47 (N.D. Ill. 2008). However, as the court states in *CMB Exp., LLC*, "where, as here, criminal proceedings are a mere possibility, the public interest will be best served by preserving the interest that is actually implicated over the speculative one. The public interest, therefore, weighs against a stay." *Id.* at * 9. The facts are the same here, the public's interest would be best served by proceeding with the civil litigation instead of waiting indefinitely for a criminal investigation to conclude.

The final two factors weigh plaintiff and defendants' interests, respectively. Plaintiff has a strong interest in resolving the instant case as quickly as possible. The case is a constant reminder of the traumatic events that took place on July 27, 2022. An indefinite stay would further traumatize Plaintiff and her son who are both trying to heal and recover from these events. Finally, Defendants focus majority of their arguments on the implications of the Fifth Amendment's right against self-incrimination, which may be a consideration if there was an ongoing criminal case. However, when a criminal case has not yet commenced, the potential burden on defendants' Fifth Amendment rights is "more speculative." *Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *11-15. Defendants' request to stay the instant civil proceedings, seemingly indefinitely, is certainly not an effective use of this Court's resources. Defendants cite to *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941 (N.D. Ill. 2008) (Doc. 29 at pp. 4-5), as its primary argument for a stay to be granted. However, this case is clearly distinguishable. In *Chagolla,* the defendant officers were indicted at the time of filing their motion to stay. Here, no such charges or indictments exist. The courts are

clear, that actual burdens hold more weight than speculative ones, and as such, Defendants' Motion to Stay must be denied.

Furthermore, video footage of the incident exists by way of witness cell phone footage and police squad camera. The Defendant Officers cannot deny that they used force during the incident and based on information and belief Defendant's will state the force used was justified which is not incriminating. The video was presented to the public by Defendant Daniel Vittorio where he states that Defendant Officers O'Donnell, B. Collins, and Hollingsworth used justified force. The only incriminating statements that the Defendant's can make is that the force they used was not justified. It is highly unlikely that the Defense will take said position.

WHEREFORE, Plaintiff requests that this Court:

(1) Deny Defendants Motion to Stay with prejudice, and

(2) Any other relief this Court deems fit.


/s/Emma Melton
Attorney for Plaintiff
Council on American Islamic Relations – Chicago
17 N State, Suite 1500
Chicago, IL 60602
(312) 212-1520
emelton@cair.com