**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DENA NATOUR FOR MINOR ) <br> HADI ABUATELAH , ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHIEF OF POLICE OAK LAWN POLICE) <br> DANIEL VITTORIO, OFFICER B. ) <br> COLLINS, OFFICER P. O'DONNELL ) <br> OFFICER M. HOLLINGSWORTH and ) <br> THE VILLAGE OF OAK LAWN ) <br> Defendants. ) <br> ) | Case No. 22-cv-03998 <br><br> Hon. Steven C. Seeger |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY**

Defendant, Officer Patrick P. O'Donnell, by his attorney, Michael J. Victor, and Defendant Officers Collins and Hollingsworth ("Officer Defendants") by their attorney, K. Austin Zimmer, for the reply memorandum in support of their motion to stay, state as follows:

**Discussion**

This court should exercise its inherent power stay this case, because if the Officer Defendants are compelled to answer the Complaint and provide testimony, they will be irreparable harmed. If the instant civil case proceeds, Officer Defendants could be unfairly forced into invoking their Fifth Amendment privilege to protect themselves from involuntarily disclosing information, which could unfairly impact the pending criminal investigation. *Cruz v. Cty. of DuPage*, No. 96 C 7170, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997) ("whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or

1

risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings.").

Plaintiff's main argument against a stay is that no criminal charges have been filed. (Doc. 32) (Response, pg. 3). However, Plaintiff overlooks that the Cook County State's Attorney will examine if charges are warranted after the Illinois State Police completes its investigation. If the Defendant Officers are compelled to give testimony in the instant civil case and later are charged with a crime, they will be irreparably harmed. A stay avoids this harm and honors the Officer Defendants' constitutional rights. Additionally, the Officer Defendants stand on their initial arguments that the factors courts examine to evaluate whether a stay is justified weigh in favor granting a stay in the instant case.

WHEREFORE, Officer Defendants, requests that this Court grant the instant motion and all of the relief requested, and all other reasonable relief, including, the entry of an order:

(1) staying the case; and

(2) staying, specifically, any obligation to respond to the Complaint and any pleadings.

(3) staying, specifically, the issuance of any discovery or any obligation to respond to any discovery.

By: *s/Michael J. Victor*

Attorney for Defendant Officer Patrick O'Donnell
Michael Victor
Donahue & Rose, PC
9501 W. Devon Ave., Ste. 702
Rosemont, IL 60018
312-541-1078
mvictor@drlawpc.com

By: *s/K. Austin Zimmer*

Attorneys for Defendant Officers Brandon Collins and M. Hollingsworth
Del Galdo Law Group LLC
1441 S Harlem

Berwyn, Illinois
847 222-7000
zimmer@dlglawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties of record.

By: *s/Michael J. Victor*

Attorney for Officer Patrick O'Donnell
Michael Victor
Donahue & Rose, PC
9501 W. Devon Ave., Ste. 702
Rosemont, IL 60018
312-541-1078
mvictor@drlawpc.com