IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENA NATOUR FOR MINOR, HADI ABUATELAH, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 22-cv-03998 |
| CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH, and THE VILLAGE OF OAK LAWN, | ) ) ) Judge Steven C. Seeger ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS, VILLAGE OF OAK LAWN AND CHIEF OF POLICE, DANIEL VITTORIO'S REPLY MEMORANUM IN SUPPORT OF A MOTION TO STAY**

NOW COME the Defendants, the Village of Oak Lawn (the "Village") and Chief of Police, Daniel Vittorio, by and through their attorneys, Peterson, Johnson & Murray LLC, for its Reply Memorandum in Support of Motion to Stay, states as follows:

**Discussion**

The Village and Chief Vittorio join Defendants, Officer O'Donnell, Officer B. Collins, and Officer M. Hollingsworth Motion to Stay and also requests a stay as to any further proceedings in this case. Where a stay is appropriate for a defendant officers, a stay is also appropriate as to a defendant municipality. See *Chagolla v. City of Chicago*, 529 F. Supp. 2d 945, 948 (N.D. Ill. 2008). Plaintiff responded to the Motions by acknowledging the Village's motion in a footnote and proceeded to address the substance of the Officer's Motion. (See, Dkt. #15, Plaintiff's Response in Opposition to Defendants' Motion to Stay). In taking this approach, Plaintiff does not

dispute that while a municipality has no Fifth Amendment privilege, courts have recognized that where a stay has been granted to individual defendants, a defendant municipality would be in an unfair position if it, likewise, did not receive a stay. *Chagolla,* 529 F. Supp. 2d at 948.

Here, the Village and Chief Vittorio's ability to defend itself would be impaired if the case was not stayed. The claims against the Village and that of Chief Vittorio in the Second Amended Complaint are inextricably linked to the claims against the individual Defendant Officers. The Defendant Officers' participation in the case is critical to the Village and Chief Vittorio's ability to defend themselves. Because a stay is appropriate as to defendant officers (See, Dkt. #s 29, 33), the Court should also stay the case as to the Village and Chief Vittorio.

WHEREFORE, the Village of Oak Lawn and its Chief of Police, Daniel Vittorio, requests that this Court grant the instant motion and stay these proceedings and grant any other relief deemed appropriate.

Respectfully submitted,

THE VILLAGE OF OAK LAWN and CHIEF OF POLICE DANIEL VITTORIO

*/s/ Kevin M. Casey*
Kevin M. Casey

Kevin M. Casey
Peterson, Johnson & Murray LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
T: 312-724-8032
F: 312-896-9318
kcasey@pjmlaw.com
ARDC No. 6282635

## CERTIFICATE OF SERVICE

  I hereby certify that on November 30, 2022, I electronically filed ***DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY*** with the Clerk of the Court using the CM/ECF system who will notify all registered CM/ECF participants.

                */s/ Kevin M. Casey*