UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Hadi Abuatelah
                Plaintiff,

v.                                     Case No.: 1:22−cv−03998
                                                        Honorable Steven C. Seeger

Officer One, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, December 12, 2022:

    MINUTE entry before the Honorable Steven C. Seeger: Defendants' motion to stay (Dckt. No. [29]) is hereby granted in part as follows. Plaintiff Hadi Abuatelah was arrested by the Oak Lawn Police Department in July 2022, and he claims that the officers used excessive force. Defendants now move to stay because the incident in question is part of an ongoing criminal investigation of the officers. That is, there is a "criminal investigation into the Defendant Officers' conduct,&quot;t; and that investigation "could lead to criminal charges." Id. at 2. After considering the applicable factors, the Court orders as follows. See Cruz v. County of DuPage, 1997 WL 370194 (N.D. Ill. 1997). For now, the Court stays the obligation of the individual officers to respond to the complaint. The Court does not stay the obligation of the Village of Oak Lawn to respond to the complaint. The Village of Oak Lawn, as a municipal entity, has no Fifth Amendment rights, so it can and should respond to the complaint. (True, the existence of the ongoing investigation may make it more difficult for the Village to obtain the requisite information from the officers, who may assert their Fifth Amendment rights. But if so, so be it. The Village can respond that it lacks information, if that's the situation. That response is permissible under the Federal Rules.) The Village must respond to the complaint by January 10, 2023. The Court largely stays discovery, but not entirely. Plaintiff can serve and obtain written discovery from the Village of Oak Lawn. Plaintiff can serve third−party subpoenas, too. Plaintiff cannot serve written discovery on the individual defendants in light of the possible assertion of the Fifth Amendment. (This Court does not know if they would possess documents anyway. Presumably, the Village has them.) The Village of Oak Lawn can serve written discovery, too. Oral discovery is stayed. Down the road, Plaintiff can move to lift the stay at the appropriate time. The parties must keep the Court posted if there are any material developments in the investigation. The parties must file a status report no later than once per quarter, starting on the first Friday in April, and continuing on the first Friday of July, and October, and so on. This ruling serves the interest of moving the case forward without interfering with legitimate interests in an ongoing criminal proceeding. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.