IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENA NATOUR FOR MINOR, HADI ABUATELAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 22-cv-03998 |
| CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH, and THE VILLAGE OF OAK LAWN, | ) | Judge Steven C. Seeger |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES the Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, by and through their attorneys, Peterson, Johnson & Murray Chicago, LLC and for their Answer to Plaintiff's Second Amended Complaint states as follows:

## **JURISDICTION**

1.      This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

**ANSWER:  Defendants admit that Plaintiff has brought this action, in part, pursuant to 42 U.S.C. § 1983.  Defendants further admit that this Court has jurisdiction over Plaintiff's remaining federal constitutional claim, and supplemental jurisdiction over his state law claims but denies the remaining allegations set forth in Paragraph 1.**

2.      Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:  Defendants admit, only, that venue is proper and deny the remaining allegations set forth in paragraph 2.**

## PARTIES

3.      On July 27th, 2022, Officer B. Collins was employed at all relevant times by the Village of Oak Lawn Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:  Defendants admit that Officer B. Collins was employed by the Village of Oak Lawn, Illinois and that he is being sued in his individual/personal capacity but deny the remaining allegations in Paragraph 3.**

4.      On July 27th, 2022, Officer P. O'Donnell was employed at all relevant times by the Village of Oak Lawn Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:  Defendants admit that Officer B P. O'Donnell was employed by the Village of Oak Lawn, Illinois, and that he is being sued in his individual/personal capacity, and that at all relevant times he was acting under the color of law, but deny the remaining allegations in Paragraph 4.**

5.      On July 27th, 2022, Officer M. Hollingsworth was employed at all relevant times by the Village of Oak Lawn Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:  Defendants admit that Officer M. Hollingsworth was employed by the Village of Oak Lawn, Illinois, that he is being sued in his individual/personal capacity and that at all**

times relevant he was acting under the color of law but deny the remaining allegations in Paragraph 5.

6.      On July 27th and 28th, 2022, Chief of Police Daniel Vittorio was employed at all relevant times by the Village of Oak Lawn, Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his official capacity.

**ANSWER:  Defendants admit the allegations in Paragraph 6.**

7.      The Village of Oak Lawn, Illinois, was on July 27th and 28th, 2022, and is a local municipal corporation with Cook County organized under the law of the State of Illinois.

**ANSWER:  Defendants admit the allegations set forth in Paragraph 7.**

8.      The Village of Oak Lawn, Illinois, on July 27th and 28th, 2022, at all relevant times, maintained a division of itself, a police department known as the Department of Law Enforcement, which is and was the employer of Chief of Police Daniel Vittorio, Officers One, Two, and Three.

**ANSWER:     Defendants admit that the Village of Oak Lawn, Illinois, on July 27th and 28th, 2022, at all relevant times, maintained a division of itself, a police department known as the Department of Law Enforcement, which is and was the employer of Chief of Police Daniel Vittorio denies that it employs Officers identified as "One, Two, and Three".**

9.      On July 27th, 2022, Hadi Abuatelah was a minor and is a citizen of the United States of America and a resident of Cook County, Illinois.

**ANSWER:     Defendants admit the allegations set forth in Paragraph 9.**

10.     Dena Natour is the mother and legal guardian of Hadi Abuatelah.

**ANSWER:     These Defendants have insufficient knowledge to admit or deny the allegations set forth in Paragraph 10 and therefore, neither admit nor deny the same but demands strict proof thereof.**

<u>**FACTS COMMON TO ALL COUNTS**</u>

11.     On the evening of July 27th, 2022, Plaintiff was a passenger in a vehicle that was stopped by the Oak Lawn Police Department.

**<u>ANSWER:</u>     These Defendants admit the allegations set forth in Paragraph 11 of Plaintiff's Complaint.**

12.     Plaintiff was asked out of the vehicle by officers of the Oak Lawn Police Department and Plaintiff complied.

**<u>ANSWER:</u>     These Defendants admit the allegations set forth in Paragraph 12.**

13.     Officer P. O'Donnel attempted to search Plaintiff illegally.

**<u>ANSWER:</u>     These Defendants deny the allegations set forth in Paragraph 13.**

14.     Plaintiff fled on foot from Officer P. O'Donnell.

**<u>ANSWER:</u>     These Defendants admit the allegations set forth in Paragraph 14.**

15.     Defendant Officer B. Collins pursued Plaintiff, tackling him and pinning him to the ground by placing his knee on Plaintiff's lower back and pelvis area.

**<u>ANSWER:</u>     These Defendants have insufficient knowledge to admit or deny the allegations set forth in Paragraph 15 and therefore, neither admit nor deny the same but demands strict proof thereof.**

16.     While Plaintiff was subdued and made immobile by Officer B. Collins, said officer started to punch and beat Plaintiff about the body.

**<u>ANSWER:</u>     These Defendants deny the allegations set forth in Paragraph 16.**

17.     After Officer B. Collins subdued Plaintiff, Officer P. O'Donnell placed his knee on Plaintiff's upper body while simultaneously punching Plaintiff in the head and face.

**<u>ANSWER:</u>     These Defendants deny the allegations set forth in Paragraph 17.**

18.     While Officers B. Collins and Officer P. O'Donnell were battering Plaintiff, Officer M. Hollingsworth sat on Plaintiff and battered Plaintiff about the head.

**ANSWER:** **These Defendants deny the allegations set forth in Paragraph 18.**

19.     After the three Defendant Officers repeatedly beat Plaintiff about his head and body

Officer B. Collins tased Plaintiff.

**ANSWER:** **These Defendants admit that Plaintiff was tased by Officer Collins but deny the remaining allegations set forth in Paragraph 19.**

20.     Plaintiff suffered great bodily harm as a result of the beating by the Defendant

Officers.

**ANSWER:** **These Defendants deny the allegations set forth in Paragraph 20.**

21.     Plaintiff suffered and continues to suffer from emotional and mental distress.

**ANSWER:** **These Defendants have insufficient knowledge to admit or deny the allegations set forth in Paragraph 21 and therefore, neither admit nor deny the same but demands strict proof thereof.**

22.     On or about July 28th, 2022, Chief of Police Daniel Vittorio spoke at a press

conference to address the aforementioned incident.

**ANSWER:** **These Defendants admit the allegations set forth in Paragraph 22.**

23.     During said press conference Chief Vittorio knowingly presented to the public an

edited and doctored version of an in-car camera.

**ANSWER:** **These Defendants deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint.**

24.     Chief Vittorio presented the edited in-car squad camera in effort to conceal the

actions of Officer B. Collins, Officer P. O'Donnell, and Officer M. Hollingsworth.

**ANSWER:** **These Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint.**

25.     Additionally, when asked whether the Officers' conduct was consistent with Oak

Lawn Police Department training, Chief Vittorio responded yes and included that one of the

abovenamed Officers is one of the Field Trainers for new recruits.

**ANSWER:** These Defendants admit that Chief Vittorio identified one of the officers as a Field Training Officer and further admits that in the context of one question, not described in paragraph 25, Chief Vittorio stated that the actions of the officers was consistent with their training.

## COUNT I
### [42 U.S.C. §§ 1983 and 1988 Claim for Excessive Force/Failure to Intervene]

25.    Plaintiff re-alleges paragraphs 1-25.

**ANSWER:** These Defendants incorporate, by reference, their answers to Paragraphs 1 through 25 of their answers/responses to Paragraph 25 of Count I as though fully set forth herein.

26.    The acts of Defendants Officers, in repeatedly striking and deploying a taser against Plaintiff, and/or failing to prevent said abuse, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers, and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983 and § 1988.

**ANSWER:** These Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    The actions of Defendant Officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his physical injuries, mental suffering, anguish, humiliation and expenses, as set forth above.

**ANSWER:** These Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

WHEREFORE, Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendants,

CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT II
### [42 U.S.C. §§ 1983, 1985 and 1986
### [Racially Motivated Conspiracy to Deprive Plaintiff of His Constitutional Rights]

25.     Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:    These Defendants incorporate, by reference, their answers to Paragraphs 1 through 25 of their answers/responses to Paragraph 25 of Count II as though fully set forth herein.**

26.     Defendant Officers, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired among and between themselves to commit the unconstitutional overt acts set forth in the facts above.

**ANSWER:    These Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27.     Because said conspiracy or conspiracies and the overt actions in furtherance thereof, including but not limited to, each and every act alleged in the facts above, were performed with the knowledge and purpose of depriving Plaintiff, who is Arab American, and other Arab American victims the equal protection of the laws and/or of equal protection of the laws and/or of equal privilege and immunities under the law, and with racial animus toward Plaintiff, the Defendants also deprived Plaintiff of his right to equal protection of the laws under the Fourteenth Amendment, and 42 U.S.C. § 1985.

**ANSWER:    These Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28.     Additionally, or alternatively, Officers, knowing that the above § 1985 conspiracy to illegally harm, charge and abuse Plaintiff was about to be committed, and having the power to

prevent or aid in preventing the commission of the acts in furtherance of said conspiracy, neglected and/or refused to do so, in violation of 42 U.S.C. § 1986.

**ANSWER:** **These Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT III
### [42 U.S.C. § 1983 Monell Policy Claim Against Defendant Village of Oak Lawn]

25. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **This Defendant, Village of Oak Lawn incorporate, by reference, its answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count III as though fully set forth herein.**

26. The actions of Defendants were committed pursuant to one or more interrelated *de facto* policies, practices and/or customs of the Village of Oak Lawn, and police department.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. At all times material to this complaint the Defendant Village and its police department, police Superintendents, O.P.S., IAD and IPRA, Personnel Division and/or Police Board had interrelated de facto policies, practices and customs which included inter alia, a) the failure to properly, train, supervise, discipline, transfer, monitor, counsel and otherwise control

police officers who commit acts of excessive force; and/or b) the police code of silence; and/or c) encouragement of wrongful arrests, prosecutions, and imprisonments.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28. The policy, practice and of a police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges, and to perjure themselves in criminal case where they and their fellow officers have used excessive force.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

29. The fact that the aforementioned code of silence exists, and its existence harms civilians through the actions and inactions of high-ranking police officials, including police chief, is evidenced by the fact that Defendant Chief Vittorio's statement that the Officers' behavior was consistent with Oak Lawn Police Department training and one of the Officers is responsible for training new recruits.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.**

30. The fact that the unconstitutional actions of the Defendant Officers are part of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors such as Defendant Chief of Police. This involvement and ratification is further demonstrated, *inter alia,* by the public statements of these policymaking officials, and the Department's total failure to investigate the unconstitutional

conduct of the Defendant Officers or other Oak Lawn Police Officers, or to discipline them, in this and/or other cases, for their unconstitutional conduct.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.**

31.     The Defendant Village of Oak Lawn's failure to properly hire, train, supervise, discipline, monitor, control, and counsel Defendant Officers was done with deliberate indifference and likewise acted as a direct and proximate cause of the injuries to Plaintiff.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.**

WHEREFORE, Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT IV
### [State Law Claim for Intentional Infliction of Emotional Distress]

25.     Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **These Defendants, incorporate, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count IV as though fully set forth herein.**

26.     Defendant Officers individually, jointly and in conspiracy, engaged in extreme and outrageous conduct by physically beating and tasing Plaintiff, and/or by failing to prevent or stop the abuse of Plaintiff, by constructing a false version of events to cover up their conduct.

**ANSWER:** **These Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27.     Defendant Officers intended to inflict severe emotional distress on Plaintiff, and knew that their conduct would cause Plaintiff severe emotional distress.

**ANSWER:** **These Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28.     As a direct and proximate result of Defendant Officers' outrageous conduct, Plaintiff was injured and has experienced, and continues to experience, severe emotional distress, including fear of police, nightmares, sleep disruption and anxiety.

**ANSWER:** **These Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT V
### [State Law Battery Claim]

25.     Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **These Defendants, incorporate, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count V as though fully set forth herein.**

26.     Defendant Officers knowingly and without legal justification, caused severe bodily harm to Plaintiff.

**ANSWER:     These Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27.     Defendant Officers knowingly caused harm to Plaintiff even after he was completely subdued causing Plaintiff the following injuries, internal bleeding in his brain, fractured pelvis, broken nose, lacerations, bruising all over his body, in addition to several other injuries.

**ANSWER:     These Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28.     Defendant Officers were not in imminent danger at the time of the brutal beating and thus have no legal justification for the continued harm to Plaintiff.

**ANSWER:     These Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT VI
**[State Law *Respondeat Superior* Claim]**

25.     Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:     These Defendants, incorporate, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count VI as though fully set forth herein.**

26.     Defendant Officers, were, at all times material to this Complaint, employees of the Defendant Village of Oak Lawn; were acting within the scope of their employment; and their acts, which violated state law, are directly chargeable to the Defendant Village under state law pursuant to *respondeat superior*.

**ANSWER:     These Defendants admit that the officers were employees of the Village of Oak Lawn but denies the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint.**

WHEREFORE, Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT VII
### [745 ILCS 10/9-102 Indemnity Claim Against Defendant Village of Oak Lawn]

25.     Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:     These Defendants, incorporate, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count VII as though fully set forth herein.**

26.     Defendant Village of Oak Lawn was always the employer of Defendant Officers and Chief material to this Complaint.

**ANSWER:     These Defendants admit the allegations set forth in Paragraph 26 of Plaintiff's Complaint.**

27.     Defendant Officers and Chief committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of Oak Lawn.

**ANSWER:** These Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

WHEREFORE, Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendants, CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, VILLAGE OF OAK LAWN, and DANIEL VITTORIO, AS CHIEF OF POLICE FOR THE VILLAGE OF OAK LAWN, by and through their attorneys, PETERSON, JOHNSON & MURRAY CHICAGO, LLC, and for their Affirmative Defenses in Response to Plaintiffs' Complaint state as follows:

### AFFIRMATIVE DEFENSE NUMBER 1: FAILURE TO MITIGATE

Plaintiff and her son had a duty to mitigate their damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by their failure to take reasonable action to minimize those damages.

### AFFIRMATIVE DEFENSE NUMBER 2

To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on his part, any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to them.

To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any willful and wanton conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41 (1995).

### AFFIRMATIVE DEFENSE NUMBER 3: § 745 ILCS 10/2-201

Defendant is immune from Plaintiff's state law claims under 745 ILCS 10/2-201 of Illinois Tort Immunity Act. Under 10/2-201 of the Tort Immunity Act, "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

### AFFIRMATIVE DEFENSE NUMBER 4: § 745 ILCS 10/2-202

Under 745 ILCS 10/2-202 of the Tort Immunity Act, "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."

Defendants were public employees executing and enforcing the law at all relevant times and did not act "willfully and wantonly" while doing so. Plaintiff's state law claims against Defendant are therefore barred under 745 ILCS 10/2-202.

### AFFIRMATIVE DEFENSE NUMBER 5

Defendants P. O'Donnell, M. Hollingsworth and B. Collins acted in accordance with Illinois law governing the use of force by a peace officer, and, because they acted in accordance with Illinois law, cannot be liable. 720 ILCS 5/7-1; 720 ILCS 5/7-5.

## **AFFIRMATIVE DEFENSE NUMBER 6: § 745 ILCS 10/2-109**

Plaintiffs' claims are barred as against the Village of Oak Lawn, in that the Village of Oak Lawn is a local public entity as defined by 745 ILCS 10/1-206 of the Illinois Tort Immunity Act, and as a public entity, it is not liable for an injury resulting from an act or omission of its employee where the employee is not liable, pursuant to 745 ILCS 10/2-109.

## **Jury Demand**

Defendants Village of Oak Lawn and Chief of Police Daniel Vittorio demand a trial by jury.

Respectfully submitted,

CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN,

*/s/Kevin M. Casey*
Kevin M. Casey

Kevin M. Casey
Peterson, Johnson & Murray Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
T: 312-724-8032
F: 312-896-9318
kcasey@pjmlaw.com