IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS –
EASTERN DIVISION

| | |
|---|---|
| DENA NATOUR for MINOR HADI ABUATELAH <br> Plaintiff <br><br> V. <br><br> CHIEF OF OAKLAWN POLICE DANIEL VITTORIO, OFFICER B. COLLINS OFFICER P. ODONNELL, OFFICER M. HOLLINGSWORTH and THE VILLAGE OF OAK LAWN <br> Defendant. | No. 22 CV 03998 <br><br> Hon. Judge Steven Seeger |

## MOTION FOR MODIFICATION OF ORDER TO STAY

Now comes the Plaintiff, Dena Natour, for Minor Hadi Abuatelah, by and through her attorney Zaid Abdallah requests that this Honorable Court enter an order modifying the stay entered on December 12, 2022, to allow the Plaintiff to depose Myriah Deal. In support of the motion, Plaintiff states as follows:

### INTRODUCTION

Dena Natour filed this cause of action against the Defendants on behalf of her minor son Hadi Abuatelah. The suit arose out of the arrest of Hadi Abuatelah by Defendant Officers B. Collins, P. O'Donnell, and M. Hollingsworth. Myriah Deal, a civilian witness, recorded the incident on her cell phone camera. This Honorable Court entered a stay of all oral discovery and discovery directed to the Defendant Officers pending the Illinois State Police investigation of the minor's arrest. The Cook County State's Attorney's Office returned an indictment against Defendant Officer Patrick O'Donnell for two counts of aggravated battery and two counts of official misconduct. See Attached Exhibit A.

## DISCUSSION

The purpose of the previously entered stay is to protect the Defendant Officers' Fifth Amendment Rights against self-incrimination. The deposition of Myriah Deal will not harm the Defendant Officers' rights against self-incrimination since they are not the ones testifying. Additionally, all parties know what Ms. Deal will testify to as Plaintiff's counsel did tender a statement from Ms. Deal to Defendants. See Exhibit B.

When deciding to implement a stay, one of the factors the Court should consider is the prejudice to the plaintiff's case. *Cruz v. County of DuPage,* 1997 WL 370194 (N.D. Ill. 1997). Myirah Deal is the eyewitness that recorded the incident. Plaintiff's counsel is unaware of other clear video footage, nor is Plaintiff's counsel aware of a witness with such a clear vantage point of the incident. Myriah Deal is the Plaintiff's whole case. If the criminal matter is prolonged and Plaintiff loses contact with Ms. Deal, this can have dire consequences for Plaintiff's case. If this Court allowed the deposition, it would allow Plaintiff to lock in Ms. Deal's testimony under oath and not affect the Defendant Officers' rights against self-incrimination.

## CONCLUSION

The purpose of the stay is to protect the Fifth Amendment Rights of the Defendant officers, which is the right against self-incrimination. There is no way the Defendant Officers will incriminate themselves through the deposition of Myriah Deal. Additionally, if Plaintiff is not allowed to depose Ms. Deal and cannot find her after the completion of the criminal case against Defendant O'Donnell, this would cause severe prejudice to Plaintiff's case.

**WHEREFORE,** Plaintiff requests this Honorable Court to allow the deposition of Myriah Deal.

Plaintiff Dena Natour, on behalf of minor Hadi Abuatelah

/s/ Zaid Abdallah

Zaid Abdallah

G.J. NO. 1062
GENERAL NO. 23CR0210701

CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT
CRIMINAL DIVISION
DECEMBER 2022

The People of the State of Illinois
v.
Patrick O'Donnell

INDICTMENT FOR

AGGRAVATED BATTERY

**ORIGINAL FILE COPY DO NOT REMOVE**

A TRUE BILL

Foreman of the Grand Jury

WITNESS
Sergeant Michael Martin #324

Filed February 21, 2023
Iris Y Martinez, Clerk
Bail $

FILED
2023 FEB 21 PM 12:59
IRIS Y MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

G.J. = DECEMBER 2022 1062        RETURNED:



PLAINTIFF'S EXHIBIT A

```
STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF COOK       )
```

The DECEMBER 2022 Grand Jury of the
Circuit Court of Cook County,

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about July 27, 2022 at and within the County of Cook

Patrick O'Donnell

committed the offense of      AGGRAVATED BATTERY

in that HE, IN COMMITTING A BATTERY, OTHER THAN BY THE DISCHARGE OF A FIREARM, KNOWINGLY CAUSED BODILY HARM TO H.A., TO WIT: STRUCK H.A. ABOUT THE HEAD AND FACE WITH A CLOSED FIST CAUSING FACIAL CONTUSIONS AND ABRASIONS, NASAL BONE FRACTURE, AND SUBDURAL HEMORRHAGE, WHILE THEY WERE ON OR ABOUT A PUBLIC WAY, TO WIT: THE STREET, LOCATED AT 9500 SOUTH MCVICKER AVENUE IN OAK LAWN, COOK COUNTY, ILLINOIS,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 12-3.05(c) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

```
                         COUNT NUMBER 1
                         CASE NUMBER 23CR0210701
                         CHARGE ID CODE: 0016104
```

**G.J. = DECEMBER 2022  1062        RETURNED:**

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about July 27, 2022 at and within the County of Cook

         Patrick O'Donnell

committed the offense of   AGGRAVATED BATTERY

in that HE, IN COMMITTING A BATTERY, OTHER THAN BY THE DISCHARGE OF A FIREARM, KNOWINGLY CAUSED GREAT BODILY HARM TO H.A., TO WIT: STRUCK H.A. ABOUT THE HEAD AND FACE WITH A CLOSED FIST CAUSING FACIAL CONTUSIONS AND ABRASIONS, NASAL BONE FRACTURE, AND SUBDURAL HEMORRHAGE,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 12-3.05(a)(1) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

         COUNT NUMBER 2
         CASE NUMBER 23CR0210701
         CHARGE ID CODE: 0016094

**G.J. = DECEMBER 2022  1062**   **RETURNED:**

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about July 27, 2022 at and within the County of Cook

                              Patrick O'Donnell

committed the offense of     OFFICIAL MISCONDUCT

in that HE, A PUBLIC EMPLOYEE IN HIS OFFICIAL CAPACITY, TO WIT: A POLICE OFFICER FOR THE OAK LAWN POLICE DEPARTMENT, KNOWINGLY PERFORMED AN ACT WHICH HE KNEW WAS FORBIDDEN BY LAW TO PERFORM, TO WIT: HE COMMITTED THE OFFENSE OF AGGRAVATED BATTERY ON A PUBLIC WAY (720 ILCS 5/12-3.05(c)) WHEN HE KNOWINGLY STRUCK H.A. ABOUT THE FACE AND HEAD CAUSING FACIAL CONTUSIONS AND ABRAISONS, NASAL BONE FRACTURE, AND SUBDURAL HEMORRHAGE, ON A PUBLIC WAY, TO WIT: THE STREET AT 9500 SOUTH MCVICKER AVENUE, OAK LAWN, COOK COUNTY, ILLINIOS

IN VIOLATION OF CHAPTER 720 ACT 5 SECTON 33-3(a)(2) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

                            COUNT NUMBER 3
                            CASE NUMBER 23CR0210701
                            CHARGE ID CODE: 0017902

**G.J. = DECEMBER 2022  1062**      RETURNED:

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about July 27, 2022 at and within the County of Cook

                              Patrick O'Donnell

committed the offense of      OFFICIAL MISCONDUCT

in that HE, A PUBLIC EMPLOYEE IN HIS OFFICIAL CAPACITY, TO WIT: A POLICE OFFICER FOR THE OAK LAWN POLICE DEPARTMENT, KNOWINGLY PERFORMED AN ACT WHICH HE KNEW WAS FORBIDDEN BY LAW TO PERFORM, TO WIT: HE COMMITTED THE OFFENSE OF AGGRAVATED BATTERY CAUSING GREAT BODILY HARM, WHEN HE KNOWINGLY STRUCK H.A. ABOUT THE FACE AND HEAD CAUSING FACIAL CONTUSIONS AND ABRAISONS, NASAL BONE FRACTURE, AND SUBDURAL HEMORRHAGE,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTON 33-3(a)(2) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

                        COUNT NUMBER 4
                        CASE NUMBER 23CR0210701
                        CHARGE ID CODE: 0017902

G.J. = DECEMBER 2022  1062      RETURNED:

**Winters investigations**
53 w. Jackson #1410
Chicago IL. 60604
773-580-5410

Date: August 18, 2022
Present: Myriah Deal, Ronald Winters
Location: ~~3314 w. 84th st. Chicago, IL~~

    I Ronald Winters spoke with Myriah Deal on August 18, 2022, an incident between a young man named Hadi Abuatelah and some Oak Lawn police officers on July 27, 2022. Myriah Deal agreed to voluntarily speak with me and to answer all questions and state all facts to the best of her recollection. This is a summary of the interview.

    Myriah Deal was asked about what happened on July 27, 2022, and Myriah Deal stated that her father Leavy Deal and herself were on their way to pick up coffee from speedway on 95th and Southwest highway while on their way to work. Myriah Deal stated that her father Leavy Deal told her to start filming because he saw the police at the gas station. Myriah Deal stated that she saw the young man now know as Hadi Abuatelah run away from the police officers for a short time, no more than a couple of seconds or a few feet away. Myriah Deal stated that the Mr. Abuatelah stopped running and the police tackled him to the ground. Myriah Deal stated that the officers started punching him. Myriah Deal stated that it was 2 officers at first then a 3rd one joined in. Myriah Deal stated that one of the officers wrapped Mr. Abuatelah hair around his hand and started punching Mr. Abuatelah in the face. Myriah Deal stated that Mr. Abuatelah never reached for anything or motioned towards the officers like he had a gun or was a threat so she didn't understand why they were beating on him.

    Myriah Deal was asked if she was paid, forced, or threatened to give this statement and Myriah Deal stated that she was not paid, forced, or threatened to give this statement. Myriah Deal was thanked for her time and the interview was concluded.


PLAINTIFF'S EXHIBIT B