IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS –
EASTERN DIVISION

| | |
|---|---|
| DENA NATOUR for MINOR HADI ABUATELAH <br>      Plaintiff <br><br>   V. <br><br> CHIEF OF OAKLAWN POLICE DANIEL VITTORIO, OFFICER B. COLLINS OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH and THE VILLAGE OF OAK LAWN <br>      Defendant. | No. 22 CV 03998 <br><br> Hon. Judge Steven Seeger |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR STAY AND DEFENDANT VILLAGE OF OAK LAWN'S MOTION FOR LEAVE TO WITHDRAW ITS ANSWER**

**INTRODUCTION**

  The stay that is currently in place does not offend the *Younger Abstention Doctrine*. The current stay does not require this Honorable Court to make a substantive ruling on this case that would risk enjoining the pending state proceedings. The current stay protects the Defendant Officers' Fifth Amendment Rights, and the current stay should not be modified. Defendant Village of Oak Lawn should be allowed to withdraw its answer and file a motion to dismiss because it already filed its first responsive pleading. Allowing the Defendant Village to withdraw its answer will prejudice Plaintiff. The Village of Oak Lawn is not entitled to a second shot at a first responsive pleading just because they retained new counsel.

I. **The previous order to stay entered on December 12th, 2022, does not offend the *Younger Abstention Doctrine.***

This Court has the discretion to implement a full stay or partial stay in the interest of justice. Previously the Defendants requested a stay, stating that if this matter is not stayed, it would violate their Fifth Amendment Rights. This Court ruled that it will stay all oral discovery and allow written discovery as to the Village of Oak Lawn because a municipality does not have a Fifth Amendment Right.

Federal Courts should not enjoin pending State Criminal Proceedings. *Younger v. Harris* 401 U.S. 37,41 (1971). Allowing discovery as to Defendant Village of Oak Lawn will not require this Court to make any ruling on the substantive issues in this case, risking enjoining the State proceedings against Defendant Patrick O'Donnell or Minor Hadi Abuatelah.

The Defendants are attempting to cause delay by requesting a full stay as it is clear the *Younger Abstention* doctrine is not affected by this Court's previously entered stay. The order serves justice as it protects the Defendant Officers who have rights under the Constitution's Fifth Amendment, serves the interest of judicial efficiency and economy, and does not require this Court to make a substantive ruling on the case at bar that would enjoin any State proceedings.

II. **This Court Should Not Modify the Previously Entered Stay Because of the Pending Criminal Investigation and Prosecution of the Officer Defendants**

This Court correctly ruled on December 12, 2022, that the Village has no Fifth-Amendment rights and allowing limited discovery. The fact that a party to civil litigation is faced with this sort of choice does not automatically entitle him to a stay of the civil case. *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 945. The Defendants are attempting to have the Village ride the coattails of the Defendant Officers' Fifth Amendment rights by making this request again. This Court should, again, reject the Defendant Village's request. There was no change in circumstances for the Village since Defendant O'Donnell's been criminally charged to

justify a reconsideration of the Village's Court-ordered duty to respond to Plaintiff's discovery. Furthermore, Plaintiff only issued discovery to the Village, not to the individual Officers. The discovery that Plaintiff issued does not implicate the Defendant Officers' Fifth Amendment rights. Plaintiff's request is not burdensome or unduly invasive as the Village Defendant previously indicated at a Status hearing that discovery was prepared but not tendered in anticipation of the Defendants' Motion to Stay. Additionally, the Defendants are requesting a stay and, in part, basing it on an "ongoing criminal investigation" of the other Defendant Officers. However, Counsel for the Defendants admits in its motion that it does not know if the other Officer Defendants are being investigated.

Defendant correctly points out the relevant factors in deciding whether a stay is appropriate, as followed in *Chagolla*. The factors considered are as follows: whether the civil and criminal matters involve the same subject; whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; the posture of the criminal proceeding; the effect of granting or denying a stay on the public interest; the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. *Id.*

The civil and criminal matter do have common ground but are not identical in subject matter. Counsel for Defendant incorrectly argues throughout his motion that the Plaintiff is charged with Felony Resisting and Misdemeanor resisting. Plaintiff was not charged with either of those offenses. The Plaintiff is charged with two counts of Aggravated Unlawful Use of a Weapon and one count of Unlawful Possession of Firearms and Firearms Ammunition. This weighs against a stay.

Cook County initiated the charges against both the Plaintiff and Defendant Officer O'Donnell. Cook County is not a party in the civil case before this Court. This weighs against a stay.

The posture of the pending criminal case against Defendant O'Donnell is at a very early stage. Defendant O'Donnell has only been arraigned and appeared at one status date. The other Defendant Officers have not been charged and there is no indication that there is an active investigation to charge them. The fact some defendants face only the threat of criminal charges, and no actual charges yet, weighs against entry of a stay. *Cruz,* 1997 U.S. Dist. LEXIS 9220, 1997 WL 370194, at *3., *Chagolla* at 946. This is the case regarding the Defendant Officers in our case and weighs against a stay.

There is a significant effect of a stay on the public interest. "The public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law via the Civil Justice Reform Act of 1990". *See* 28 U.S.C. §§ 471-82. A stay quite obviously will impair that interest.

The Plaintiff has a significant interest in obtaining a resolution of his claims and compensation that he is entitled to. This is a substantial consideration weighing against a stay which could be delayed tremendously based on the infancy of the criminal case and the unknown status of any investigation of the other Defendant Officers.

Finally, the burden imposed on the Defendants is not significant based on the discovery Plaintiff issued. Discovery was only issued to the Village and not the Defendant Officers. Plaintiff understands significance of the Defendant Officers Fifth Amendment rights, and that is why discovery was narrowly tailored for the Village to respond without disturbing the Defendant Officers constitutional privileges. The Village does not enjoy that same Fifth Amendment

privilege and cannot shield itself behind the Defendant Officers. Therefore, the current stay should not be modified because of the supposed pending criminal investigation of the uncharged Defendant Officers and prosecution of the other Defendant officer.

### III. Defendants should not be allowed to withdraw their Answer and Affirmative Defenses.

Plaintiff filed her second amend complaint on September 7, 2022. On September 30, 2022, the Defendants (Village and Daniel Vittorio) filed a motion for an extension of time to file their answer. Defendants were granted the extension until November 7, 2022, to file the answer. Instead of filing a motion to dismiss, which was supposed to be their first responsive pleading, they answered all the allegations in our complaint. Just because a substitution of counsel was entered for Defendants does not mean the case begins anew.

Defendants incorrectly assert that no prejudice would exist for Plaintiff if the Court allowed the previously filed answer to be withdrawn. This would prejudice Plaintiff. Not only did Defendants assert their position in their answer, but they also asserted multiple affirmative defenses. Based on this, Plaintiff has begun preparation and strategizing for the remainder of the case. Additionally, Plaintiff has already asserted in his response to Defendants' initial Motion to Stay that he experiences prejudice each day this case does not move forward. If Defendants are allowed to withdraw their answer, this case will undoubtedly be delayed further.

Additionally, the Defendants ask for leave to withdraw their answer and file a motion to dismiss while asking for a complete stay. The Defendants cannot have their cake and eat it too. On one hand, the Defendants' claim that written discovery which requires this court not to make any substantive rulings, violates the *Younger Abstention* but want leave to file a motion to dismiss which would force this Court to make a ruling on substantive issues in this matter.

The Court should not bifurcate the Monell claim. Not only is this request untimely, but it is also not an efficient use of limited court resources. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Additionally, the Seventh Circuit has held, if even "one of these criteria is met, the district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Chlopek v. Federal Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007); see also *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (Courts "must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party."). Here, Plaintiff would certainly be prejudiced if Defendants were allowed to bifurcate the Monell claim at this stage of the litigation. In addition to Plaintiff's counsel having to prepare for two separate jury trials arising from the same incident, Plaintiff's son, the victim in this case, would have to make himself available for two trials, reliving the most traumatic day of his life several more times if the case is bifurcated.

## CONCLUSION

The current stay does not offend the *Younger Abstention Doctrine* since this stay will not cause this Honorable Court to adjudicate any substantive matters in this case. The current stay protects the Defendant Officers' rights against self-incrimination. Since the Village of Oak Lawn has no right against self-incrimination the same type of stay should be extended to said Defendant. The Village of Oak Lawn should not be allowed to withdraw its answer as it filed its first responsive pleading. Additionally, if they file a motion to dismiss, this will put the Court in a position to violate the *Younger Abstention Doctrine.* The bifurcation request is untimely and inefficient.

**Wherefore**, Plaintiff requests that this Honorable Court deny Defendants' request.

/s/ Zaid Abdallah
Attorney for the Plaintiff
Abdallah Law
15127 73rd Ave Suite E
Orland Park, IL 60462
312-229-0008
zaid@abdallah-law.com