**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS –
EASTERN DIVISION**

| | |
|---|---|
| DENA NATOUR for MINOR HADI ABUATELAH | |
| Plaintiff | No.  22 CV 03998 |
| V. | |
| | Hon. Honorable Georgia N. Alexakis |
| CHIEF OF OAKLAWN POLICE DANIEL VITTORIO, OFFICER B. COLLINS OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH and THE VILLAGE OF OAK LAWN | |
| Defendant. | |

**PLAINTIFF'S UNCONTESTED MOTION TO FILE A
FOURTH AMENDED COMPLAINT**

NOW COMES Plaintiff, HADI ABUATELAH, by and through his attorney, Zaid Abdallah of Abdallah Law, and Sam Harton of Romanucci and Blandin pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully requests leave from this Honorable Court to file his Fourth Amended Complaint. In support of this motion, Plaintiff states as follows:

1. On August 1, 2022, Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 and various state law causes of action.

2. Plaintiff subsequently amended his complaint multiple times to correct and clarify the named parties, including the proper identification of involved officers and legal representatives.

3. Plaintiff seeks leave to file a Fourth Amended Complaint to dismiss Count III the Monell claim against the Defendant Village of Oak Lawn. Plaintiff also wishes to dismiss Chief of Police Daniel Vittorio as a defendant.

4. Plaintiff has conferred with counsel for Defendants, who have no objection to the filing of this Fourth Amended Complaint.

5. Attached to this motion is the proposed Fourth Amended Complaint as well as a redlined version indicating the changes made.

WHEREFORE, Plaintiff, HADI ABUATELAH, respectfully requests that this Honorable Court grant leave to file the Fourth Amended Complaint and for any further relief this Court deems just and proper.

**Respectfully submitted,**

/s/ Zaid Abdallah
**Attorney for Plaintiff**
Abdallah Law
15127 S. 73rd Ave, Suite E
Orland Park, Illinois 60462
312.229.0008
zaid@abdallah-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DENA NATOUR FOR MINOR
HADI ABUATELAH,                                    )
                                                   )
            Plaintiff,                             )        No.22CV03998
                                                   )
    v.                                             )
                                                   )        JURY DEMANDED
CHIEF OF OAK LAWN POLICE DANIEL                    )
VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, )
OFFICER M. HOLLINGSWORTH, and THE VILLAGE OF       )
OAK LAWN,                                          )
            Defendants.                            )

### FOURTH ~~THIRD~~ AMENDED COMPLAINT AT LAW

Plaintiff, DENA NATOUR ON BEHALF OF MINOR HADI ABUATELAH (hereinafter Plaintiff), by counsel, Zaid Abdallah of Abdallah Law and Emma Melton of CAIR CHICAGO, states for his First Amended Complaint at Law against CHIEF OF OAK LAWN POLICE DANEL VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH, AND the VILLAGE OF OAK LAWN ILLINOIS, and states as follows:

### JURISDICTION

1. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. 1367.

2. Venue is proper in this District under 28 U.S.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

3. On July 27th, 2022, Officer B. Collins was employed at all relevant times by the Village of Oak Lawn Illinois and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his individual/personal capacity.

4. On July 27th, 2022, Officer P. O'Donnell was employed at all relevant times by the Village of Oak Lawn Illinois and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his individual/personal capacity.

5. On July 27th, 2022, Officer M. HOLLINGSWORTH was employed at all relevant times by the Village of Oak Lawn Illinois and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his individual/personal capacity.

6. On July 27th and 28th, 2022, Chief of Police Daniel Vittorio was employed at all relevant times by the Village of Oak Lawn, Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his official capacity.

7. The Village of Oak Lawn, Illinois, was on July 27th and 28th, 2022, and is a local municipal corporation with Cook County organized under the law of the State of Illinois.

8.   The Village of Oak Lawn, Illinois, on July 27th and 28th, 2022, at all relevant times, maintained a division of itself, a police department known as the Department of Law Enforcement, which is and was the employer of Chief of Police Daniel Vittorio, Officers One, Two, and Three.

9.   On July 27th, 2022, Hadi Abuatelah was a minor and is a citizen of the United States of America and a resident of Cook County, Illinois.

10. Dena Natour is the mother and legal guardian of Hadi Abuatelah.

### FACTS COMMON TO ALL COUNTS

11.  On the evening of July 27th, 2022, Plaintiff was a passenger in a vehicle that was stopped by the Oak Lawn Police Department.

12.  Plaintiff was asked out of the vehicle by officers of the Oak Lawn Police Department and Plaintiff complied.

13.  Officer P. O'Donnell attempted to search Plaintiff illegally.

14.  Plaintiff fled on foot from Officer P. O'Donnell.

15.  Defendant Officer B. Collins pursued Plaintiff, tackling him and pinning him to the ground by placing his knee on Plaintiff's lower back and pelvis area.

16.  While Plaintiff was subdued and made immobile by Officer B. Collins said officer started to punch and beat Plaintiff about the body.

17.  After Officer B. Collins subdued Plaintiff, Officer P. O'Donnell placed his knee on Plaintiff's upper body while simultaneously punching Plaintiff in the head and face.

18.  While Officer B. Collins and Officer P. O'Donnell were battering Plaintiff, Officer M. Hollingsworth sat on Plaintiff and battered Plaintiff about the head.

19.  After the three Defendant Officers repeatedly beat Plaintiff about his head and body Officer B. Collins tased Plaintiff.

3

20.  Plaintiff suffered great bodily harm as a result of the beating by the Defendant Officers.

21.  Plaintiff suffered and continues to suffer from emotional and mental distress.

22. On or about July 28th, 2022, Chief of Police Daniel Vittorio spoke at a press conference to address the aforementioned incident.

23.  During said press conference Chief Vittorio knowingly presented to the public an edited and doctored version of an in-car camera.

24.  Chief Vittorio presented the edited in-car squad camera in effort to conceal the actions of Officer B. Collins, Officer P. O'Donnell, and Officer M. Hollingsworth.

25.  Additionally, when asked whether the Officers' conduct was consistent with Oak Lawn Police Department training, Chief Vittorio responded yes and included that one of the above-named Officers is one of the Field Trainers for new recruits.

### COUNT I
### [42 U.S.C. §§ 1983 and 1988 Claim for Excessive Force/Failure to Intervene]

25.  Plaintiff re-alleges paragraphs 1-25.

26.  The acts of Defendants Officers, in repeatedly striking and deploying a taser against Plaintiff, and/or failing to prevent said abuse, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers, and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983 and § 1988.

27.  The actions of Defendant Officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his physical injuries, mental suffering, anguish, humiliation and expenses, as set forth above.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendant Officers, and because they acted maliciously, wantonly or oppressively, punitive

damages, plus the costs of this action, plus attorney's fees and such other relief as this Court deems equitable and just.

## COUNT II
### [42 U.S.C. §§ 1983, 1985 and 1986
### Racially Motivated Conspiracy to Deprive Plaintiff of His Constitutional Rights]

25.  Plaintiff re-alleges paragraphs 1 through 25.

26.  Defendant Officers, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired among and between themselves to commit the unconstitutional overt acts set forth in the facts above.

27.  Because said conspiracy or conspiracies and the overt actions in furtherance thereof, including but not limited to, each and every act alleged in the facts above, were performed with the knowledge and purpose of depriving Plaintiff, who is Arab American, and other Arab American victims the equal protection of the laws and/or of equal protection of the laws and/or of equal privilege and immunities under the law, and with racial animus toward Plaintiff, the Defendants also deprived Plaintiff of his right to equal protection of the laws under the Fourteenth Amendment, and 42 U.S.C. § 1985.

28.  Additionally, or alternatively, Officers, knowing that the above § 1985 conspiracy to illegally harm, charge and abuse Plaintiff was about to be committed, and having the power to prevent or aid in preventing the commission of the acts in furtherance of said conspiracy, neglected and/or refused to do so, in violation of 42 U.S.C. § 1986.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages against Defendants, and because they acted maliciously, wantonly or oppressively, punitive damages, plus the costs of this action, plus attorneys' fees and such other relief as this Court deems equitable and just.

## COUNT III
**[42 U.S.C. § 1983 *Monell* Policy Claim Against Defendant Village of Oak Lawn]**

25. Plaintiff re-alleges paragraphs 1 through 25.

26. The actions of Defendants were committed pursuant to one or more interrelated *de facto* policies, practices and/or customs of the Village of Oak Lawn, and police department.

27. At all times material to this complaint the Defendant Village and its police department, police Superintendents, O.P.S., IAD and IPRA, Personnel Division and/or Police Board had interrelated de facto policies, practices and customs which included *inter alia*, a) the failure to properly, train, supervise, discipline, transfer, monitor, counsel and otherwise control police officers who commit acts of excessive force; and/or b) the police code of silence; and/or c) encouragement of wrongful arrests, prosecutions, and imprisonments.

28. The policy, practice and of a police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges, and to perjure themselves in criminal case where they and their fellow officers have used excessive force.

29. The fact that the aforementioned code of silence exists, and its existence harms civilians through the actions and inactions of high-ranking police officials, including police chief, , is evidenced by the fact that Defendant Chief Vittorio's statement that the Officers' behavior was consistent with Oak Lawn Police Department training and one of the Officers is responsible for training new recruits.

6

~~30.  The fact that the unconstitutional actions of the Defendant Officers are part of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors such as Defendant Chief of Police. This involvement and ratification is further demonstrated, *inter alia*, by the public statements of these policymaking officials, and the Department's total failure to investigate the unconstitutional conduct of the Defendant Officers or other Oak Lawn Police Officers, or to discipline them, in this and/or other cases, for their unconstitutional conduct.~~

~~31.  The Defendant Village of Oak Lawn's failure to properly hire, train, supervise, discipline, monitor, control, and counsel Defendant Officers was done with deliberate indifference and likewise acted as a direct and proximate cause of the injuries to Plaintiff.~~

~~WHEREFORE, Plaintiff demands judgment against Defendant Village of Oak Lawn for substantial compensatory damages, plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.~~

## COUNT ~~III~~IV
### [State Law Claim for Intentional Infliction of Emotional Distress]

25.  Plaintiff re-alleges paragraphs 1 through 25

26.  Defendant Officers individually, jointly and in conspiracy, engaged in extreme and outrageous conduct by physically beating and tasing Plaintiff, and/or by failing to prevent or stop the abuse of Plaintiff, by constructing a false version of events to cover up their conduct.

27.  Defendant Officers intended to inflict severe emotional distress on Plaintiff and knew that their conduct would cause Plaintiff severe emotional distress.

28.  As a direct and proximate result of Defendant Officers' outrageous conduct, Plaintiff was injured and has experienced, and continues to experience, severe emotional distress, including fear of police, nightmares, sleep disruption and anxiety.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, plus the costs of this action, and such other relief as this Court deems equitable and just.

### COUNT IV
### [State Law Battery Claim]

25.  Plaintiff re-alleges paragraphs 1 through 25.

26.  Defendant Officers knowingly and without legal justification, caused severe bodily harm to Plaintiff.

27.  Defendant Officers knowingly caused harm to Plaintiff even after he was completely subdued causing Plaintiff the following injuries, internal bleeding in his brain, fractured pelvis, broken nose, lacerations, bruising all over his body, in addition to several other injuries.

28.  Defendant Officers were not in imminent danger at the time of the brutal beating and thus have no legal justification for the continued harm to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, plus the costs of this action, and such other relief as this Court deems equitable and just.

### COUNT VI
### [State Law *Respondeat Superior* Claim]

25.  Plaintiff re-alleges paragraphs 1 through 25.

26.  Defendant Officers, were, at all times material to this Complaint, employees of the Defendant Village of Oak Lawn; were acting within the scope of their employment; and their acts, which violated state law, are directly chargeable to the Defendant Village under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against the Village of Oak Lawn for any and all compensatory damages awarded on Plaintiff's state law claims, plus the costs of this action and whatever additional relief this Court deems equitable and just.

8

## COUNT VIII

## [Willful and Wanton Conduct

25. Plaintiff re-alleges paragraphs 1 through 25.

26. At all relevant times, the individual Police Officer Defendants has a duty to refrain from willful and wanton misconduct.

27. Notwithstanding, the individual Police Officer Defendants, Defendant Officers acted willfully and wantonly through a course of conduct, that showed an utter indifference to, or conscious disregard of the minor Hadi Abuatelah by repeatedly punching and beating him causing bodily harm.

28. As result of said Defendant Officers' misconduct, as detailed above in this paragraph and pervious paragraphs, minor Hadi Abuatelah suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other continuing injuries and damage.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, plus the costs of this action, and such other relief as this Court deems equitable and just.


## COUNT VIII

## [745 ILCS 10/9-102 Indemnity Claim Against Defendant Village of Oak Lawn]

25.  Plaintiff re-alleges paragraphs 1 through 25.

26.  Defendant Village of Oak Lawn was always the employer of Defendant Officers and Chief material to this Complaint.

27.  Defendant Officers and Chief committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of Oak Lawn.

WHEREFORE, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant Village of Oak Lawn in the amount awarded to Plaintiff against the Defendants as damages, attorneys' fees, costs and interest, and/or for any settlement entered into between the Plaintiff and any Defendant and for whatever additional relief this Court deems equitable and just.

/s/ Zaid Abdallah
Attorney for the
Plaintiff Abdallah
Law
16345  Harlem Ave Suite 250
Tinley Park Illinois, 60477
312.229.0008
zaid@abdallah-law.com

10