IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENA NATOUR FOR MINOR, HADI ABUATELAH,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER B. COLLINS, OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH, and THE VILLAGE OF OAK LAWN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 22-cv-03998<br>)<br>)<br>) Judge Steven C. Seeger<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT VILLAGE OF OAK LAWN'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

NOW COMES Defendant, THE VILLAGE OF OAK LAWN, by and through their attorneys, Klein, Thorpe & Jenkins, Ltd., and for their Answer to Plaintiff's Fourth Amended Complaint states as follows:

### JURISDICTION

1. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

**ANSWER: Defendant admits that Plaintiff has brought this action, in part, pursuant to 42 U.S.C. § 1983. Defendant further admits that this Court has jurisdiction over Plaintiff's remaining federal constitutional claim, and supplemental jurisdiction over the state law claims but denies the remaining allegations set forth in Paragraph 1 and deny any misconduct or constitutional or state law violations.**

2. Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

1

**ANSWER:** Defendant admits, only, that venue is proper and deny the remaining allegations set forth in paragraph 2 and deny any misconduct or constitutional or state law violations.

## PARTIES

3. On July 27th, 2022, Officer B. Collins was employed at all relevant times by the Village of Oak Lawn Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:** Defendant admits that Officer B. Collins was employed by the Village of Oak Lawn, Illinois and that he is being sued in his individual/personal capacity but deny the remaining allegations in Paragraph 3 and deny any misconduct or constitutional or state law violations.

4. On July 27th, 2022, Officer P. O'Donnell was employed at all relevant times by the Village of Oak Lawn Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:** Defendant admits that Officer B P. O'Donnell was employed by the Village of Oak Lawn, Illinois, and that he is being sued in his individual/personal capacity, and that at all relevant times he was acting under the color of law, but deny the remaining allegations in Paragraph 4 and deny any misconduct or constitutional or state law violations.

5. On July 27th, 2022, Officer M. Hollingsworth was employed at all relevant times by the Village of Oak Lawn Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:** Defendant admits that Officer M. Hollingsworth was employed by the Village of Oak Lawn, Illinois, that he is being sued in his individual/personal capacity and that at all times relevant he was acting under the color of law but deny the remaining allegations in Paragraph 5 and deny any misconduct or constitutional or state law violations.

2038755_1

6. On July 27th and 28th, 2022, Chief of Police Daniel Vittorio was employed at all relevant times by the Village of Oak Lawn, Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Lawn Police Officer. He is being sued in his official capacity.

**ANSWER: Defendant admits that Chief Daniel Vittorio was employed by the Village of Oak Lawn, Illinois, but deny the remaining allegations in Paragraph 6 and deny any misconduct or constitutional or state law violations. Defendant affirmatively denies that Chief Vittorio is being sued as Plaintiffs dismissed Chief Vittorio on their own motion in January 2025.**

7. The Village of Oak Lawn, Illinois, was on July 27th and 28th, 2022, and is a local municipal corporation with Cook County organized under the law of the State of Illinois.

**ANSWER: Defendant admits the allegations set forth in Paragraph 7 but deny any misconduct or constitutional or state law violations.**

8. The Village of Oak Lawn, Illinois, on July 27th and 28th, 2022, at all relevant times, maintained a division of itself, a police department known as the Department of Law Enforcement, which is and was the employer of Chief of Police Daniel Vittorio, Officers One, Two, and Three.

**ANSWER: Defendant admits that the Village of Oak Lawn, Illinois, on July 27th and 28th, 2022, at all relevant times, maintained a division of itself, a police department known as the Department of Law Enforcement, which is and was the employer of Chief of Police Daniel Vittorio and employs Officers identified as "One, Two, and Three" but deny any misconduct or constitutional or state law violations.**

9. On July 27th, 2022, Hadi Abuatelah was a minor and is a citizen of the United States of America and a resident of Cook County, Illinois.

**ANSWER: Defendant admits the allegations set forth in Paragraph 9.**

10. Dena Natour is the mother and legal guardian of Hadi Abuatelah.

**ANSWER: Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 10 and therefore, neither admit nor deny the same but demands strict proof thereof and deny any misconduct or constitutional or state law violations.**

## FACTS COMMON TO ALL COUNTS

11. On the evening of July 27th, 2022, Plaintiff was a passenger in a vehicle that was stopped by the Oak Lawn Police Department.

**ANSWER:** **Defendant admits the allegations set forth in Paragraph 11 of Plaintiff's Complaint.**

12. Plaintiff was asked out of the vehicle by officers of the Oak Lawn Police Department and Plaintiff complied.

**ANSWER:** **Defendant admits the allegations set forth in Paragraph 12.**

13. Officer P. O'Donnel attempted to search Plaintiff illegally.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 13.**

14. Plaintiff fled on foot from Officer P. O'Donnell.

**ANSWER:** **Defendant admits the allegations set forth in Paragraph 14.**

15. Defendant Officer B. Collins pursued Plaintiff, tackling him and pinning him to the ground by placing his knee on Plaintiff's lower back and pelvis area.

**ANSWER:** **Defendant admits only that Officer Collins pursued Plaintiff but denies the remaining allegations as asserted in Paragraph 15 as stated.**

16. While Plaintiff was subdued and made immobile by Officer B. Collins said officer started to punch and beat Plaintiff about the body.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 16.**

17. After Officer B. Collins subdued Plaintiff, Officer P. O'Donnell placed his knee on Plaintiff's upper body while simultaneously punching Plaintiff in the head and face.

**ANSWER:** **Defendants denies the allegations set forth in Paragraph 17.**

18. While Officers B. Collins and Officer P. O'Donnell were battering Plaintiff, Officer M. Hollingsworth sat on Plaintiff and battered Plaintiff about the head.

**ANSWER:** **Defendants denies the allegations set forth in Paragraph 18.**

19. After the three Defendant Officers repeatedly beat Plaintiff about his head and body Officer B. Collins tased Plaintiff.

**ANSWER:** **Defendant admits that Plaintiff was tased by Officer Collins but denies the remaining allegations set forth in Paragraph 19.**

20. Plaintiff suffered great bodily harm as a result of the beating by the Defendant Officers.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 20.**

21. Plaintiff suffered and continues to suffer from emotional and mental distress.

**ANSWER:** **Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 21 and therefore, neither admit nor deny the same but demands strict proof thereof.**

22. On or about July 28th, 2022, Chief of Police Daniel Vittorio spoke at a press conference to address the aforementioned incident.

**ANSWER:** **Defendants admits the allegations set forth in Paragraph 22.**

23. During said press conference Chief Vittorio knowingly presented to the public an edited and doctored version of an in-car camera.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.**

24. Chief Vittorio presented the edited in-car squad camera in effort to conceal the actions of Officer B. Collins, Officer P. O'Donnell, and Officer M. Hollingsworth.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.**

25. Additionally, when asked whether the Officers' conduct was consistent with Oak Lawn Police Department training, Chief Vittorio responded yes and included that one of the above-named Officers is one of the Field Trainers for new recruits.

**ANSWER:** **Defendant admits that Chief Vittorio identified one of the officers as a Field Training Officer and further admits that in the context of one question, not described in paragraph 25, Chief Vittorio stated that the actions of the officers was consistent with their training.**

## COUNT I
### [42 U.S.C. §§ 1983 and 1988 Claim for Excessive Force/Failure to Intervene]

25. Plaintiff re-alleges paragraphs 1-25.

**ANSWER:** **Defendant incorporates, by reference, their answers to Paragraphs 1 through 25 of their answers/responses to Paragraph 25 of Count I as though fully set forth herein.**

26. The acts of Defendants Officers, in repeatedly striking and deploying a taser against Plaintiff, and/or failing to prevent said abuse, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers, and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983 and § 1988.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. The actions of Defendant Officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his physical injuries, mental suffering, anguish, humiliation and expenses, as set forth above.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

WHEREFORE, Defendant, THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendant, THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendant, THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT II
## [42 U.S.C. §§ 1983, 1985 and 1986
## [Racially Motivated Conspiracy to Deprive Plaintiff of His Constitutional Rights]

25. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **Defendant incorporates, by reference, their answers to Paragraphs 1 through 25 of their answers/responses to Paragraph 25 of Count II as though fully set forth herein.**

26. Defendant Officers, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired among and between themselves to commit the unconstitutional overt acts set forth in the facts above.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. Because said conspiracy or conspiracies and the overt actions in furtherance thereof, including but not limited to, each and every act alleged in the facts above, were performed with the knowledge and purpose of depriving Plaintiff, who is Arab American, and other Arab American victims the equal protection of the laws and/or of equal protection of the laws and/or of equal privilege and immunities under the law, and with racial animus toward Plaintiff, the Defendants also deprived Plaintiff of his right to equal protection of the laws under the Fourteenth Amendment, and 42 U.S.C. § 1985.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28. Additionally, or alternatively, Officers, knowing that the above § 1985 conspiracy to illegally harm, charge and abuse Plaintiff was about to be committed, and having the power to prevent or aid in preventing the commission of the acts in furtherance of said conspiracy, neglected and/or refused to do so, in violation of 42 U.S.C. § 1986.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

7

WHEREFORE, Defendant, THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendant, THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendant, THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT III
### [State Law Claim for Intentional Infliction of Emotional Distress]

25. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER: Defendant, incorporates, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count III as though fully set forth herein.**

26. Defendant Officers individually, jointly and in conspiracy, engaged in extreme and outrageous conduct by physically beating and tasing Plaintiff, and/or by failing to prevent or stop the abuse of Plaintiff, by constructing a false version of events to cover up their conduct.

**ANSWER: Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. Defendant Officers intended to inflict severe emotional distress on Plaintiff, and knew that their conduct would cause Plaintiff severe emotional distress.

**ANSWER: Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28. As a direct and proximate result of Defendant Officers' outrageous conduct, Plaintiff was injured and has experienced, and continues to experience, severe emotional distress, including fear of police, nightmares, sleep disruption and anxiety.

**ANSWER: Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, Defendant, THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be

entered in favor of Defendant, THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendant, THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT IV
### [State Law Battery Claim]

25. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER: Defendant, incorporates, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count IV as though fully set forth herein.**

26. Defendant Officers knowingly and without legal justification, caused severe bodily harm to Plaintiff.

**ANSWER: Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. Defendant Officers knowingly caused harm to Plaintiff even after he was completely subdued causing Plaintiff the following injuries, internal bleeding in his brain, fractured pelvis, broken nose, lacerations, bruising all over his body, in addition to several other injuries.

**ANSWER: Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28. Defendant Officers were not in imminent danger at the time of the brutal beating and thus have no legal justification for the continued harm to Plaintiff.

**ANSWER: Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, Defendant, THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendant, THE VILLAGE OF OAK LAWN, with an award of recoverable

costs being assessed against Plaintiff in favor of the Defendant, THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT V
### [State Law *Respondeat Superior* Claim]

25. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **Defendant, incorporates, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count V as though fully set forth herein.**

26. Defendant Officers, were, at all times material to this Complaint, employees of the Defendant Village of Oak Lawn; were acting within the scope of their employment; and their acts, which violated state law, are directly chargeable to the Defendant Village under state law pursuant to *respondeat superior*.

**ANSWER:** **Defendant admits that the officers were employees of the Village of Oak Lawn but denies the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint and denies any misconduct or constitutional or state law violations and thus deny any violation of state law and such that no actions are directly or indirectly chargeable to Defendant Village of Oak Lawn.**

WHEREFORE, Defendant, THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendant, THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendant, THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT VI
### [Willful and Wanton Conduct]

25. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **Defendant, incorporates, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count VI as though fully set forth herein.**

26. At all relevant times, the individual Police Officer Defendants has a duty to refrain from willful and wanton misconduct.

**ANSWER:** **Defendant admits the allegations set forth in Paragraph 26 of Plaintiff's Complaint.**

27. Notwithstanding, the individual Police Officer Defendants, Defendant Officers acted willfully and wantonly through a course of conduct, that showed an utter indifference to, or conscious disregard of the minor Hadi Abuatelah by repeatedly punching and beating him causing bodily harm.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.**

28. As result of said Defendant Officers' misconduct, as detailed above in this paragraph and pervious paragraphs, minor Hadi Abuatelah suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other continuing injuries and damage.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, Defendant, THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendant, THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendant, THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

## COUNT VII
### [745 ILCS 10/9-102 Indemnity Claim Against Defendant Village of Oak Lawn]

25. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **Defendant, incorporates, by reference, their answers to Paragraphs 1 through 25 of its answers/responses to Paragraph 25 of Count VII as though fully set forth herein.**

11

2038755_1

26. Defendant Village of Oak Lawn was always the employer of Defendant Officers and Chief material to this Complaint.

**ANSWER:   Defendant admits the allegations set forth in Paragraph 26 of Plaintiff's Complaint in that they employed the officers and Chief Vittorio on the date of the incident.**

27. Defendant Officers and Chief committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of Oak Lawn.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.  Defendant denies any misconduct or constitutional or state law violations and thus deny any violation of state law and such that no actions are directly or indirectly chargeable to Defendant Village of Oak Lawn nor is Chief Vittorio any longer a Defendant.**

WHEREFORE, Defendant, THE VILLAGE OF OAK LAWN, respectfully prays that this Honorable Court enter an Order dismissing this cause so wrongfully brought, that judgment be entered in favor of Defendant, THE VILLAGE OF OAK LAWN, with an award of recoverable costs being assessed against Plaintiff in favor of the Defendant, THE VILLAGE OF OAK LAWN, and for any further relief this Court deems reasonable and just.

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant, VILLAGE OF OAK LAWN, by and through their attorneys, KLEIN, THORPE & JENKINS, Ltd., and for their Affirmative Defenses in Response to Plaintiff's Complaint state as follows:

1. Defendant Village of Oak Lawn is not liable to plaintiff for any federal claim for which its employees or agents are not liable to plaintiff. See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2. Defendant Village of Oak Lawn is not liable to plaintiff for any state law claims for which its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109. Plaintiff's claims are barred as against the Village of Oak Lawn, in that the Village of Oak Lawn is a local public entity as defined by 745 ILCS 10/1-206 of the Illinois Tort Immunity Act, and as a public entity, it is not liable for an injury resulting from an act or omission of its employee where the employee is not liable, pursuant to 745 ILCS 10/2-109.

3. As to all state law claims, the involved officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, the involved are not liable for any of the claims alleged because public employees are not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2008). Under 745 ILCS 10/2-202 of the Tort Immunity Act, "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." Defendants were public employees executing and enforcing the law at all relevant times and did not act "willfully and wantonly" while doing so. Plaintiff's state law claims against Defendant are therefore barred under 745 ILCS 10/2-202. The officers acted reasonably

pursuant to their training to take custody of the Plaintiff armed with a firearm and used only the force reasonably necessary to accomplish that lawful objective. And as such, their actions are far from willful and wanton.

4. As to Plaintiffs' state law claims, Defendant is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted); *see also Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

5. Defendant cannot be held liable for punitive or exemplary damages in any Section 1983 action brought against it directly or indirectly by the injured party or a third party. *City of Newport et al. v. Fact Concerts, Inc.*, 435 U.S. 247 (1981).

6. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case. Plaintiff and her son had a duty to mitigate their damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by their failure to take reasonable action to minimize those damages.

7. Any applicable provision of the Tort Immunity Act and the doctrine of qualified immunity, as well as any other affirmative defense cited by Defendants Officers, is also brought forth herein on behalf of the Village of Oak Lawn. Defendant Officers are entitled to qualified immunity from liability for the allegations in that their conduct did not violate clearly established

statutory rights or standards for constitutional conduct of which a reasonable person would have known. Defendant Officers are government officials, namely police officers, who perform discretionary functions. "Qualified immunity shields officers from civil damages liability so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Leaf v. Shelnutt*, 400 F.3d 1070, 1079-80 (7th Cir. 2005). At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers, objectively viewing facts and circumstances then known to Defendant Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within the constitutional limits that were clearly established at the time. Defendant Officers, therefore, are entitled to qualified immunity. Defendant Officers are entitled to qualified immunity from liability in that their conduct did not violate clearly established statutory rights or standards for constitutional conduct of which a reasonable person would have known. Instead, Defendant Officers used justified and lawful force to effectuate the seizure of the Plaintiff who possessed a firearm. Accordingly, Defendant Officers are immune from liability under the doctrine of qualified immunity.

8. To the extent any injuries or damage claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on his part, any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to him. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any willful and wanton conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree

of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41 (1995).

9. Defendant is immune from Plaintiff's state law claims under 745 ILCS 10/2-201 of Illinois Tort Immunity Act. Under 10/2-201 of the Tort Immunity Act, "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." The officers acted reasonably pursuant to their training and used proper discretion to take custody of the Plaintiff armed with a firearm and used only the force reasonably necessary to accomplish that lawful objective.

10. Defendants P. O'Donnell, M. Hollingsworth and B. Collins acted in accordance with Illinois law governing the use of force by a peace officer, and, because they acted in accordance with Illinois law, cannot be liable. 720 ILCS 5/7-1; 720 ILCS 5/7-5.

## **Jury Demand**

Defendant Village of Oak Lawn demands a trial by jury.

                                        Respectfully submitted,

                                        CHIEF OF OAK LAWN POLICE, DANIEL VITTORIO, and THE VILLAGE OF OAK LAWN,

                                        /s/*Anthony G. Becknek*
                                                  Attorney for Defendants

John Allen Wall
Anthony G. Becknek
Colleen Shannon
Klein, Thorpe & Jenkins, Ltd.
120 S. LaSalle Street, Suite 1710
Chicago, Illinois 60603
T: 312-984-6400
F: 312-984-6444
Email: agbecknek@kjtlaw.com

2038755_1