IN THE UNITED STATES DISTICT COURT
FOR THE NORTHERN DISITRCIT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENA NATOUR FOR MINOR HADI ABUATELAH, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 22-cv-03998 |
| VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH, and THE VILLAGE OF OAK LAWN, | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT OFFICER P. O'DONNELL'S ANSWER AND AFFIRMATIVE DEFENDANTS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT AT LAW**

Defendant, Defendant Officer P. O'Donnell, ("Defendant"), by and through his attorney Michael J. Victor, for his answer and affirmative defenses to Plaintiff's Fourth Amended Complaint at Law ("Complaint") states:

**JURISDICTION**

1. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42U.S.C. § 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

**ANSWER: Defendant admits this court has jurisdiction, but denies any wrongdoing or violation of any laws, including those referenced in this paragraph.**

2. Venue is proper in this District under 28 U.S.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

1

**ANSWER:** Defendant admits only that venue is proper, but denies any wrongdoing and denies that Plaintiff has accurately alleged and characterized the events or omissions in the Complaint.

## PARTIES

3. On July 27th, 2022, Officer B. Collins was employed at all relevant times by the Village of Oak Lawn Illinois and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

4. On July 27th, 2022, Officer P. O'Donnell was employed at all relevant times by the Village of Oak Lawn Illinois and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

5. On July 27th, 2022, Officer M. HOLLINGSWORTH was employed at all relevant times by the Village of Oak Lawn Illinois and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his individual/personal capacity.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

6. On July 27th and 28th, 2022, Chief of Police Daniel Vittorio was employed at all relevant times by the Village of Oak Lawn, Illinois, and was acting at all relevant times alleged herein under the color of law in the course of his employment as an Oak Law Police Officer. He is being sued in his official capacity.

**ANSWER:** **Defendant admits the allegations contained in this paragraph.**

7. The Village of Oak Lawn, Illinois, was on July 27th and 28th, 2022, and is a local municipal corporation with Cook County organized under the law of the State of Illinois.

**ANSWER:** **Defendant admits the allegations contained in this paragraph.**

8. The Village of Oak Lawn, Illinois, on July 27th and 28th, 2022, at all relevant times, maintained a division of itself, a police department known as the Department of Law Enforcement, which is and was the employer of Chief of Police Daniel Vittorio, Officers One, Two, and Three.

**ANSWER:** **Defendant admits the allegations contained in this paragraph.**

9. On July 27th, 2022, Hadi Abuatelah was a minor and is a citizen of the United States of America and a resident of Cook County, Illinois.

**ANSWER:** **Defendant lacks knowledge to admit or deny admits the allegations contained in this paragraph.**

10. Dena Natour is the mother and legal guardian of Hadi Abuatelah.

**ANSWER:** **Defendant lacks knowledge to admit or deny admits the allegations contained in this paragraph.**

## FACTS COMMON TO ALL COUNTS

11. On the evening of July 27th, 2022, Plaintiff was a passenger in a vehicle that was stopped by the Oak Lawn Police Department.

**ANSWER:** **Defendant admits the allegations contained in this paragraph.**

12. Plaintiff was asked out of the vehicle by officers of the Oak Lawn Police Department and Plaintiff complied.

**ANSWER:** **Defendant admits the allegations contained in this paragraph.**

13. Officer P. O'Donnell attempted to search Plaintiff illegally.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

14. Plaintiff fled on foot from Officer P. O'Donnell.

**ANSWER: Defendant admits the allegations contained in this paragraph.**

15. Defendant Officer B. Collins pursued Plaintiff, tackling him and pinning him to the ground by placing his knee on Plaintiff's lower back and pelvis area.

**ANSWER:** **Defendant admits that while he was in full uniform, he pursued Plaintiff while Plaintiff fled from the Oak Lawn Police, but denies the remaining allegations as asserted in this paragraph.**

16. While Plaintiff was subdued and made immobile by Officer B. Collins said officer started to punch and beat Plaintiff about the body.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

17. After Officer B. Collins subdued Plaintiff, Officer P. O'Donnell placed his knee on Plaintiff's upper body while simultaneously punching Plaintiff in the head and face.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

18. While Officer B. Collins and Officer P. O'Donnell were battering Plaintiff, Officer M. Hollingsworth sat on Plaintiff and battered Plaintiff about the head.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

19. After the three Defendant Officers repeatedly beat Plaintiff about his head and body Officer B. Collins tased Plaintiff.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

20. Plaintiff suffered great bodily harm as a result of the beating by the Defendant Officers.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

21. Plaintiff suffered and continues to suffer from emotional and mental distress.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

22. On or about July 28th, 2022, Chief of Police Daniel Vittorio spoke at a press conference to address the aforementioned incident.

**ANSWER: Defendant admits the allegations contained in this paragraph.**

23. During said press conference Chief Vittorio knowingly presented to the public an edited and doctored version of an in-car camera.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

24. Chief Vittorio presented the edited in-car squad camera in effort to conceal the actions of Officer B. Collins, Officer P. O'Donnell, and Officer M. Hollingsworth.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

25. Additionally, when asked whether the Officers' conduct was consistent with Oak Lawn Police Department training, Chief Vittorio responded yes and included that one of the above-named Officers is one of the Field Trainers for new recruits.

**ANSWER: Defendant admits the allegations contained in this paragraph.**

## COUNT I
**[42 U.S.C. §§ 1983 and 1988 Claim for Excessive Force/Failure to Intervene]**

25 [sic]. Plaintiff re-alleges paragraphs 1-25.

**ANSWER: Defendant re-states his responses and answers to paragraphs 1-25, as fully stated herein.**

26. The acts of Defendants Officers, in repeatedly striking and deploying a taser against Plaintiff, and/or failing to prevent said abuse, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers, and effects against

5

unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983 and § 1988.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

27. The actions of Defendant Officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his physical injuries, mental suffering, anguish, humiliation and expenses, as set forth above.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

## COUNT II
### [42 U.S.C. §§ 1983, 1985 and 1986 Radically Motivated Conspiracy to Deprive Plaintiff of His Constitutional Rights]

25 [sic]. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **Defendant re-states his responses and answers to paragraphs 1-25, as fully stated herein.**

26. Defendant Officers, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired among and between themselves to commit the unconstitutional overt acts set forth in the facts above.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

27. Because said conspiracy or conspiracies and the overt actions in furtherance thereof, including but not limited to, each and every act alleged in the facts above, were performed with the knowledge and purpose of depriving Plaintiff, who is Arab American, and other Arab American victims the equal protection of the laws and/or of equal protection of the laws and/or of equal privilege and immunities under the law, and with racial animus toward Plaintiff, the Defendants also deprived Plaintiff of his right to equal protection of the laws under the Fourteenth Amendment, and 42 U.S.C. § 1985.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

28. Additionally, or alternatively, Officers, knowing that the above § 1985 conspiracy to illegally harm, charge and abuse Plaintiff was about to be committed, and having the power to prevent or aid in preventing the commission of the acts in furtherance of said conspiracy, neglected and/or refused to do so, in violation of 42 U.S.C. § 1986.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

## COUNT III
### [State Law Claim for Intentional Infliction of Emotional Distress]

25 [sic]. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** **Defendant re-states his responses and answers to paragraphs 1-25, as fully stated herein.**

26. Defendant Officers individually, jointly and in conspiracy, engaged in extreme and outrageous conduct by physically beating and tasing Plaintiff, and/or by failing to prevent or stop the abuse of Plaintiff, by constructing a false version of events to cover up their conduct.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

27. Defendant Officers intended to inflict severe emotional distress on Plaintiff and knew that their conduct would cause Plaintiff severe emotional distress.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

28. As a direct and proximate result of Defendant Officers' outrageous conduct, Plaintiff was injured and has experienced, and continues to experience, severe emotional distress, including fear of police, nightmares, sleep disruption and anxiety.

**ASNWER:** **Defendant denies the allegations contained in this paragraph.**

## COUNT IV
### [State Law Battery Claim]

7

25 [sic].    Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:    Defendant re-states his responses and answers to paragraphs 1-25, as fully stated herein.**

26.    Defendant Officers knowingly and without legal justification, caused severe bodily harm to Plaintiff.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

27.    Defendant Officers knowingly caused harm to Plaintiff even after he was completely subdued causing Plaintiff the following injuries, internal bleeding in his brain, fractured pelvis, broken nose, lacerations, bruising all over his body, in addition to several other injuries.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

28.    Defendant Officers were not in imminent danger at the time of the brutal beating and thus have no legal justification for the continued harm to Plaintiff.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

COUNT V
[State Law Respondeat Superior Claim]

25 [sic].    Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:    Defendant re-states his responses and answers to paragraphs 1-25, as fully stated herein.**

26.    Defendant Officers, were, at all times material to this Complaint, employees of the Defendant Village of Oak Lawn; were acting within the scope of their employment; and their acts, which violated state law, are directly chargeable to the Defendant Village under state law pursuant to *respondeat superior*.

**ANSWER:** Defendant admits at all times material to this Complaint, that he was an employee of the Village of Oak Lawn, acting within the scope of his employment. Defendant denies that he violated any states laws; and therefore, denies the remaining allegations contained in this paragraph.

## COUNT VI
### [Willful and Wanton Conduct]

25 [sic]. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER:** Defendant re-states his responses and answers to paragraphs 1-25, as fully stated herein.

26. At all relevant times, the individual Police Officer Defendants has a duty to refrain from willful and wanton misconduct.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

27. Notwithstanding, the individual Police Officer Defendants, Defendant Officers acted willfully and wantonly through a course of conduct, that showed an utter indifference to, or conscious disregard of the minor Hadi Abuatelah by repeatedly punching and beating him causing bodily harm.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

28. As result of said Defendant Officers' misconduct, as detailed above in this paragraph and pervious paragraphs, minor Hadi Abuatelah suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other continuing injuries and damage.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## COUNT VII
### [745 ILCS 10/9-102 Indemnity Claim Against Defendant Village of Oak Lawn]

25 [sic]. Plaintiff re-alleges paragraphs 1 through 25.

**ANSWER: This count is not directed against Defendant; therefore no answer is required.**

26. Defendant Village of Oak Lawn was always the employer of Defendant Officers and Chief material to this Complaint.

**ANSWER: This count is not directed against Defendant; therefore no answer is required.**

27. Defendant Officers and Chief committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of Oak Lawn.

**ANSWER: This count is not directed against Defendant; therefore no answer is required.**

WHEREFORE, Defendant Officer P. O'Donnell respectfully requests this Honorable Court to enter judgment in his favor and against Plaintiff on all counts, with costs assessed against Plaintiff, any and all such further relief this Court deems reasonable and just.

## AFFIRMATIVE DEFENSES

Defendant, Defendant Officer P. O'Donnell, ("Defendant"), by and through his attorney Michael J. Victor, for his affirmative defenses to Plaintiff's Fourth Amended Complaint at Law ("Complaint") states:

1. Defendant re-alleges and incorporates his answers to Plaintiff's Fourth Amended Complaint, as if fully set forth herein.

### First Affirmative Defense

2. Defendant is not liable to Plaintiff for damages he sustained as a result of the Plaintiff's failure to mitigate damages. To the extent Plaintiff could have prevented injury or mitigated such injuries by taking reasonable actions under the circumstances, Plaintiff should not be awarded damages for that injury. *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir. 1985). Accordingly, any verdict or judgment obtained by Plaintiff must be reduced by application of the

principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

## Second Affirmative Defense

3. At all relevant times Defendant, was a government official, specifically a police officer, who performed discretionary functions. At all relevant times, a reasonable police officer objectively viewing the facts and circumstances that confronted him could have believed his actions to be lawful, in light of clearly established law and the information that Defendant possessed. Therefore, Defendant is entitled to qualified immunity on Plaintiff's federal claims.

## Third Affirmative Defense

4. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault and responsibility, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

5. Defendant asserts that in the event the fact-finder assesses liability against him, Defendant maintains that the acts of Plaintiff proximately caused his alleged injuries and damages, and that any judgment rendered against Defendant should be reduced by an amount commensurate with the degree of fault attributed to Plaintiff pursuant to 735 ILCS 2-1116 and 2-1117.

6. Defendant asserts that in the event the fact-finder assesses liability against him, Defendant maintains the acts of Plaintiff proximately caused his alleged injuries and damages, and that any judgment rendered against Defendant should be barred because Plaintiff's contributory fault is more than 50% of the proximate cause of the alleged injury. Alternatively,

Plaintiff's recovery should be reduced by an amount commensurate with the degree of fault attributed to him pursuant to 735 ILCS 2-1116 and 2-1117.

### Fourth Affirmative Defense

7. At all relevant times, Defendant was acting within the scope of his employment and is not liable for any acts or omissions in the execution of enforcement of the law, unless such acts or omissions constitutes willful and wanton conduct. 745 ILCS 10/2-202.

### Fifth Affirmative Defense

8. As to all state law counts, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because his actions were based upon the information and circumstances known to him at the time and were discretionary decisions for which he is immune from liability. 745 ILCS 10/2-201.

### Sixth Affirmative Defense

9. As to Plaintiff's state law claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because public employees acting within the scope of their employment are not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

### Seventh Affirmative Defense

10. As to the state law claims, under the Illinois Tort Immunity Act, Defendant is not liable to Plaintiff because any allegation based on the Defendant police officer's decisions as to the way he attempted to apprehend Plaintiff and his decisions regarding the seizure of Plaintiff are barred by Section 4-102 of the Illinois Tort Immunity Act. 745 ILCS 10/4-102.

### Eighth Affirmative Defense

11. Defendant asserts that the force used was in self-defense and in the defense of others; and therefore, he is not liable.

WHEREFORE, Defendant Officer P. O'Donnell respectfully requests this Honorable Court to enter judgment in his favor and against Plaintiff on all counts, with costs assessed against Plaintiff, any and all such further relief this Court deems reasonable and just.

Respectfully submitted,

**OFFICER P. O'DONNELL**

By: *s/Michael J. Victor*
Attorney for Defendant

Michael J. Victor, #6297846
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (708) 291-5538
E-mail: mvictor@ifmklaw.com

IN THE UNITED STATES DISTCT COURT
FOR THE NORTHERN DISITRCIT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENA NATOUR FOR MINOR HADI ABUATELAH, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 22-cv-03998 |
| VITTORIO, OFFICER B. COLLINS, OFFICER P. O'DONNELL, OFFICER M. HOLLINGSWORTH, and THE VILLAGE OF OAK LAWN, | ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2025 I electronically filed ***Defendant's Answer and Affirmative Defenses to Plaintiff's Fourth Amended Complaint*** with the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Zaid Abdallah
Abdallah Law
zaid@abdallah-law.com


By: *s/Michael J. Victor*
Michael J. Victor, #6297846
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (708) 291-5538
E-mail: mvictor@ifmklaw.com

14