**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HADI ABUATELAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-3998 |
| | ) | |
| VILLAGE OF OAK LAWN, et al., | ) | Judge Georgia N Alexakis |
| | ) | |
| Defendants. | ) | Magistrate Judge Albert Berry, III |

**DEFENDANTS' STATUS REPORT**

Defendants Village of Oak Lawn ("Village") and Officers O'Donnell, Collins, and Hollingsworth (collectively "Defendants"), by and through their respective counsel, and for their status report pursuant to the Court's May 27, 2025 Order (Dkt. 113), state as follows:

1. Defendants conferred with counsel for Plaintiff prior to filing this report and attempted in good faith to agree on a joint status report. However, the parties have differing views as to what can and should be presented to the Court in a status report. As such, Defendants are submitting the instant report separately from Plaintiff.

2. On February 27, 2025, an Order was entered setting the following deadlines: Close of Fact Discovery (including depositions) by 8/30/25; Disclosure of Plaintiff's Expert Report(s) by 10/30/25; Disclosure of Defendant's Expert Report(s) by 11/30/25; Deposition of Plaintiff's Expert by 12/30/25; Deposition of Defendant's

Expert by 1/30/26; Expert discovery to be completed by 1/30/26; Dispositive Motions Due by 3/30/26 (subject to District Court approval). Dkt. 107.

3. The parties just recently exchanged written discovery responses and Plaintiff has taken the depositions of Officers Collins and Hollingsworth. The parties have been working to schedule the deposition of Officer O'Donnell, but have not yet found a mutually agreeable date prior to the current discovery cutoff. Plaintiff is also working to schedule the deposition of third-party witness, Myriah Deal.

4. Given the issues with scheduling Officer O'Donnell's deposition, the parties reached a consensus that a discovery extension would be necessary.

5. The parties also just recently agreed to attend a settlement conference. However, the parties cannot agree on how the remaining discovery should be handled while they explore settlement.

6. Defendants believe that discovery should be stayed pending the settlement conference. Two days ago, Plaintiff's counsel suggested a settlement conference out of nowhere. The Village's counsel then re-arranged his schedule and spent time having substantial conversations with the client to expeditiously determine its position on such. Ultimately, the Village agreed to attend a settlement conference. But this is purely an economic decision, as the Village itself is not concerned about liability. Thus, it would not be prudent to continue expending time and resources on discovery while simultaneously attempting to resolve the matter through settlement. This is particularly true here, where a substantial amount of discovery remains outstanding but cannot be completed until Plaintiff starts

meaningfully participating in discovery. For example, Plaintiff disclosed 63 witnesses just two months ago and with the exception of just a few people, he does not provide any description of the information these witnesses are believed to possess. In fact, Plaintiff disclosed some purported eyewitnesses by their initials only and did not even provide their names or any contact information. Plaintiff's disclosures and written discovery responses are so severely deficient that Defendants cannot even begin to determine which of these 63 people actually have relevant information or who to subpoena. As another example, every single one of Plaintiff's responses to the Village's requests to produce states Plaintiff has produced documents and will continue to supplement that production (in addition to stating a myriad of unfounded and evasive boilerplate objections). And the Village only just received these responses on July 7, 2025. However, Plaintiff is clearly withholding documents and information that will require multiple Local Rule 37.2 letters and conferences, and likely also require motion practice and court intervention. Again, it makes no sense to waste time and resources addressing these issues while the parties wait for a settlement conference, and a stay is most certainly the best course of action here.

7. These issues have not yet been fully flushed out because the discovery responses were just received a few weeks ago, and given the recent interest in a settlement conference, it is entirely possible that the discovery and related issues could become moot. Defendants do not want to expend considerable time and resources or take up the Court's time on discovery disputes when this matter may be resolved through settlement. Further, the Village agreed to a settlement conference

with the expectation that discovery would be stayed and communicated as much to Plaintiff's counsel. But if the Village is going to have to spend the money to litigate the discovery anyway, then its position on a settlement conference may change.

8. Furthermore, with or without a stay, Defendants believe that the parties will need at least an additional five months to complete the remaining fact discovery. Again, we are dealing with 63 witnesses disclosed by Plaintiff, not including any additional witnesses identified by the Defendants and the documents produced to date (and, notably, the Village alone has produced 18,062 pages).

9. Plaintiff has proposed the following extensions to the current discovery deadlines:

i. Close of Fact Discovery (including depositions) by October 31, 2025;
ii. Disclosure of Plaintiff's Expert Report(s) by December 31, 2025;
iii. Disclosure of Defendant's Expert Report(s) by January 31, 2025;
iv. Deposition of Plaintiff's Expert by February 28, 2026;
v. Deposition of Defendant's Expert by March 30, 2026;
vi. Expert discovery to be completed by March 30, 2026;
vii. Dispositive Motions Due by April 30, 2026 (subject to District Court approval.

10. It is not realistic for Plaintiff to believe that all of the remaining fact discovery can be done by October 31, 2025, especially given that every deposition in this case must accommodate the schedules of four separate law firms.

11. Therefore, Defendants propose that fact discovery close five months after the anticipated settlement conference and that the remaining discovery deadlines be adjusted accordingly.

12. Alternatively, should discovery not be stayed in the interim, Defendants would propose the following adjusted schedule:

i. Close of Fact Discovery (including depositions) by 12/31/25;
ii. Disclosure of Plaintiff's Expert Report(s) by 02/28/26;
iii. Disclosure of Defendant's Expert Report(s) by 3/30/26;
iv. Deposition of Plaintiff's Expert by 4/30/26;
v. Deposition of Defendant's Expert by 5/30/26;
vi. Expert discovery to be completed by 6/30/26; and
vii. Dispositive Motions Due by 8/30/26 (subject to District Court approval).

13. Finally, if the Court prefers that Defendants bring a separate motion to address the matters contained herein, they will certainly do so. However, Defendants were attempting to avoid burdening the parties and the Court with additional motion practice at this time, given the agreement to go to a settlement conference.

Respectfully submitted,

/s/ *Colleen M. Shannon*
One of Defendants' Attorneys

Anthony G. Becknek (agbecknek@ktjlaw.com)
Colleen M. Shannon (cmshannon@ktjlaw.com)
KLEIN, THORPE & JENKINS, LTD.
900 Oakmont Lane, Suite 301
Westmont, Illinois 60559
(312) 984-6400
Attorneys for the Village of Oak Lawn